(18 Misc. Rep. 501.)

### CLARKE v. PRIEST et al.

(Supreme Court, Trial Term, Kings County. November 24, 1896.)

COVENANTS—RUNNING WITH THE LAND.
    Under Code Proc. §§ 91, 92, and Code Civ. Proc. § 1910, making choses in action assignable, a covenant against incumbrances runs with the land.

Action by William W. Clarke against Eunice K. Priest and others, executors of the estate of Elvira Russell, deceased, to recover damages for breach of covenant, in which there was a verdict, directed by the court, in favor of plaintiff. Defendants move the court to set aside the verdict, and grant a new trial. Denied.

In 1892, Elvira Russell conveyed certain land to Henry L. Brown, by a full covenant deed of conveyance. Through a chain of title made up of several sub-

sequent conveyances by similar deeds. Minnie Brown finally became the owner. At the time of the execution and delivery of the first-mentioned conveyance, there were unpaid taxes constituting a lien upon the land; and the said lien remained until the said last-named grantee paid the said taxes. She assigned her right of action to recover the amount so paid, to the plaintiff, who brings this action, for damages for breach of the covenant against incumbrances, against the executors of the said first grantor, Elvira Russell. The court directed a verdict for the plaintiff for the amount of the taxes paid, with interest. Motion to set the verdict aside, and grant a new trial.

Joseph N. Tuttle, for plaintiff.
Francis B. Chedsey, for defendants.

GAYNOR, J. The question is whether the covenant of the first grantor against incumbrances passed down the chain of title to the last grantee, so that she could bring action thereon, instead of being confined for redress to the covenant of her immediate grantor. The common-law rule established in this state was that such a covenant did not pass down the chain of title, but remained with the particular grantee to whom it was made. Chancellor Kent states the rule, viz.:

"The covenants of seisin, and of a right to convey, and that the land is free from incumbrances, are personal covenants, not running with the land, or passing to the assignee; for, if not true, there is a breach of them as soon as executed, and they become choses in action, which are not technically assignable." 4 Comm. 471.

This reason no longer exists, choses in action with us having since been made freely assignable by statute (Code Proc. 1848, §§ 91, 92; Code Civ. Proc. § 1910). It is irrational to stand by a common-law rule when the reason and foundation of it have been removed by legislation or by changed conditions. Nearly all of the incongruities in modern jurisprudence are the result of doing so. The decision in Mygatt v. Coe, 124 N. Y. 212, 26 N. E. 611, may be cited with other authorities for the existence still of the common-law rule; but that case has been so greatly discredited in its two subsequent experiences in the court of appeals that it can hardly be deemed an authority. 142 N. Y. 78, 36 N. E. 870; 147 N. Y. 456, 42 N. E. 17. There are decisions in point which have regard for the law as a progressive science. Andrews v. Appel, 22 Hun, 429; Coleman v. Bresnaham, 54 Hun, 619, 8 N. Y. Supp. 158; Colby v. Osgood, 29 Barb. 339; Ernst v. Parsons, 54 How. Prac. 163; Boyd v. Belmont, 58 How. Prac. 514.

The motion to set aside the verdict, and for a new trial, is denied.