## DELAVERGNE against NORRIS.

In an action of covenant on the covenant against encumbrances in a deed; the plaintiff, if he has paid off the encumbrance, may recover the amount paid by him; but if he has not paid any thing, he can recover *nominal* damages only.

If he does not choose to wait until he is evicted by the mortgagee, he may satisfy the mortgage, and resort to his covenant.

THIS was an action of covenant. The plaintiff declared, on a breach of the several covenants contained in a deed, that the grantor was well *seised*, &c. for the *quiet enjoyment* of the grantee; that the premises were *free from encumbrances*, and that the defendant had good *right and title to sell and convey*, &c.

The cause was tried at the *Duchess* circuit, in *September*, 1810, before the *Chief Justice*.

The deed containing the covenants was proved; and there were several mortgages on the premises, duly recorded, on which the plaintiff had paid the sum of 1,165 dollars and 44 cents; and the sum of 835 dollars and 30 cents still remained due on the mortgages, and unpaid by the plaintiff; but for which he claimed to recover. It appeared that the defendant was insolvent, and wholly unable to pay any part of the mortgages.

A verdict was taken for the plaintiff subject to the opinion of the court, whether the plaintiff was entitled only to 1,165 dollars and 44 cents, or to 2,000 dollars

and 44 cents, including what still remained due on the mortgages.

The case was submitted to the court, without argument.

*Per Curiam.* The verdict ought to be entered for the 1,165 dollars and 14 cents only. If the plaintiff, when he sues on a covenant against encumbrances, has extinguished the encumbrance, he is entitled to recover the price he has paid for it. But if he has not extinguished it, but it is still an outstanding encumbrance, his damages are but nominal, for he ought not to recover the value of an incumbrance, on a contingency, where he may never be disturbed by it. This is the reasonable rule; for if he was to recover the value of an outstanding mortgage, the mortgagee might still resort to the defendant, on his personal obligation, and compel him to pay it; and if the purchaser feels the inconvenience of the existing encumbrance, and the hazard of waiting until he is evicted, he may go and satisfy the mortgage, and then resort to his covenant. This is the rule as laid down by the supreme court of *Massachusetts*, in *Prescott v. Trueman*, (4 *Tyng's Rep.* 627.) and it is entitled to the highest respect.

Judgment accordingly.