By the Court. —Monell, Ch. J.
The right of the plaintiff to recover the three hundred and fifty dollars, retained by the defendant, cannot be successfully questioned. Apart from the finding of the jury, which, upon conflicting evidence, must be regarded as conclusive, the facts present a clear case of liability on the part of the defendant. It cannot be doubted that he retained the money, as an indemnity for the judgment, with an implied, if not an express promise to return it, upon the judgment being satisfied of record. The plaintiff soon afterwards caused the judgment to be so satisfied, and there is no valid pretense for the defendant’s withholding the amount, unless he has a good cause of action growing out of the facts constituting his counter-claim.
The retention of the money to pay the assessments, was upon the assumption of both parties, that under the contract the burden should fall upon the plaintiff. At that time—the time of the delivery of the deed—such was the construction of the contract by the parties. They believed, as a matter of law, that the words in the contract, “free from all incumbrances from the date of this contract,” imposed upon the vendor the obligation to remove all incumbrances, as- well after the date of the contract as before.
Accordingly the deed, with an unqualified covenant against incumbrances, being about to be delivered, it was mutually agreed, that the vendee should retain out of the purchase money, a sufficient sum to meet the assessment.
There is no doubt the parties, mutually and alike, understood the facts. They each knew the precise terms of the contract, and that the assessment had been confirmed by the proper authority, intermediate the execution of the contract and the delivery of the deed ; and they are presumed to have known, as matter of law, that the assessment did not become an in *89 cumbrance upon the property, until its actual confirmation by the proper authority."
Under these circumstances, the parties undertook to determine for themselves, their legal rights and obligations ; and they arrived at the conclusion, that under the terms of the contract, the vendor was bound to pay the incumbrance.
The effect of the retention of the money by the defendant, was to satisfy the covenant in the deed. The contract, by the execution and delivery of the deed, had become merged in the latter ; and as the covenant against incumbrances in the latter was unqualified, it left a present liability of the' grantor (plaintiff) upon that covenant. But retaining of the plaintiff’s money, a sufficient sum to pay and discharge the incumbrance, was so far a satisfaction of it, "as to deprive the vendee of all right of action, for any breach of the covenant in the deed, by reason of the existence of the incumbrance.
Such being the effect of the retention of the money by the defendant, it became absolutely his to do with as he pleased. He could discharge the incumbrance ; but if he omitted to do so, he could have no recourse to the plaintiff’s covenant.
Nor was the plaintiff, after such payment to the defendant, under any obligation to discharge the incumbrance. He had paid it, in effect, by the arrangement with the defendant, and thereby satisfied his covenant.
Subsequently the parties met, under a claim made by the plaintiff, that there had been an error in the construction of the contract, and, in effect, reviewed their former conclusion; and then, as found by the verdict, agreed upon an interpretation of the agreement, which cast the burden of the incumbrance upon the defendant.
The was no mistake concerning the facts, necessary *90 to be known by either party. They1 each knew, as before, the precise terms of the agreement, and the time the incumbrance had become a lien upon the premises; and then they determined, as matter of law, that the burden should fall upon the vendee.
Thereupon the defendant voluntarily returned the amount to the plaintiff.
The recovery of this sum by the defendant, upon the counter-claim set up in his answer, if it can be recovered at all, is not upon any ground of a breach of the covenant against incumbrances, which ground I will presently examine, but upon the ground of its having been paid thrugh an excusable mistake.
The maxim of the law is “ Ignorantia . . . facti excusat,—Ignorantia juris non excusat.' ’
There is no pretense that the' payment was. made in ignorance of any fact, it was essential the' parties, or either of them, should know, to predicate their judgment. But with knowledge of all that was necessary of the existing facts, the parties, without deception or fraud, and in entire good faith, saw fit to construe and interpret for themselves, the contract they had made, and to decide from its terms, and their own knowledge of their intentions, which of them should remove the incumbrance.
There may have been a mistake of law. Under the somewhat uncertain and. ambiguous phraseology of the contract, it may not. have been clear, what precisely was intended; and a literal reading would, perhaps, require, that the vendor should pay all incumbrances, which might become liens after the date of the contract. Or, construed by the probable intention of the parties, it might mean to bind the vendor against such incumbrances only, as had become liens at or prior to the date of the contract.
In this doubt of the true meaning of the words employed, the parties themselves had recourse to their *91 own knowledge of their intention, and by such knowledge, put their construction upon the words. And acting upon such construction, the money was paid.
There was no. mistake in fact, and there is no remedy for a mistake of law.
But I do not think there was any mistake of law. Construing the agreement by the intention of the parties, it is evident that it was meant,, that the vendor should be responsible only for such incumbrances as were liens at the date of the contract; and that the vendee should take title subject to such as might accrue afterwards. That would be a reasonable construction, and such as would conform the contract, to the usual understanding between parties, on the sale of real estate, where time is required by the purchaser, for the examination of title.
The effect, as has been seen,- of the retention by the defendant of the amount of the assessment, was to satisfy the covenant in the deed, at least for such time as he retained the money. But, I think,-when he re- . turned it to the plaintiff, although it was a voluntary payment, it revived the covenant in the deed, so that, if the defendant had paid the assessment, he might have resorted to the covenant for redress; with what result, however, would depend upon the determination of several questions, not necessary to be examined here; among them, whether, .upon a construction of the contract, the plaintiff was to pay the assessment; and whether the contract was merged in the deed.
But there is an insuperable difficulty in the defendant’ s recovering at all, or at least more than nominal damages, for a breach of the covenant. He has not paid the assessment.
It is, I believe, well settled, that until actual payment, the covenantee can have* only .nominal damages *92 (Delavergne v. Norris, 7 Johns. 358; Hall v. Dean, 13 Id. 105; Standard v. Eldridge, 16 Id. 254; Giles v. Dugro, 1 Duer., 331, 335; Grant v. Tallman, 20 N. Y. 191).
The only departure, or perhaps I should say apparent departure, from the rule above stated, is the case of Rector, &c. of Trinity Ch. •». Higgins (48 JY. Y. .532), where it was héld, that a lessor might recover an assessment laid upon the demised premises, which the lessee had covenanted to pay, notwithstanding the lessor had paid nothing. But that decision was on the ground that the covenant was affirmative and not collateral; and a distinction is drawn between a promise and an indemnity.
That case, however, does not disturb the unbroken current of decision, fixing the measure of damages for a breach of the covenant against incumbrances.
Inasmuch, therefore, as at most, the defendant could be allowed only nominal damages, it would not be ground for granting a new trial ..(Rundell v. Butler, 10 Wend. 110).
So far as there was any dispute in the evidence, the defendant had the benefit of having it settled by the jury. The jury were allowed to find, had they seen fit to do so, that some fraud, deception or unfairness was practiced upon the defendant; and had they so found, they were instructed by the court, that the defendant should have their verdict. This was quite as favorable to the defendant, as, upon the evidence, he had the right to expect. And having had the question of fact found against him, be must abide by the result.
The objections to some evidence in respect to the contract and deed, without producing these instrument, if they were sound, were afterwards removed by their production and reading in evidence, by the defendant.
But the objections were properly overruled. The *93 production of the papers was not necessary, and the oral testimon„y was admissible without them.
The judgment and ..order must be affirmed, with costs.
Freedman, J., concurred.