HANNAH E. ANDREWS, RESPONDENT, *v.* MARY APPEL AND JOSEPH APPEL, APPELLANTS.

*Covenant against incumbrances—remote grantee may maintain action upon— measure of damages in an action for a breach of.*

On November 2, 1871, the defendants, by a deed, containing covenants against incumbrances, and of warranty and seizin, conveyed certain premises to one Williams, who conveyed them to one Redman, who conveyed them to the

22 429
8ap183
22 429
21ap175
21ap180

plaintiff, by deeds all of which contained covenants against incumbrances. This action was brought by the plaintiff to recover the amount she had been compelled to pay to redeem the land from sales for taxes and assessments, which were liens upon it at the time of its conveyance by the defendants.

*Held,* that the plaintiff was the real party in interest, and that to avoid circuity and multiplicity of actions, she was entitled to maintain the present one.

For a breach of a covenant against incumbrances, only the amount actually paid to relieve the premises therefrom, can be recovered, and in no event can the recovery exceed the amount of the consideration for which the deed was given.

APPEAL by the defendants from a judgment of the Monroe County Court, reversing a judgment of the Municipal Court of Rochester.

On November 2, 1871, the defendant, Mary Appel, conveyed a house and lot owned by her to one Shaffer, by a deed containing covenants against incumbrances, and of warranty and seisin. Shaffer thereafter conveyed the premises to one Williams, Williams to Redman, and Redman to the plaintiff. All of the said deeds contained a covenant against incumbrances. The covenants in the deed from Mary Appel (in which Joseph Appel is not named as grantor), were in the following words : "And the said Mary Appel and Joseph Appel do hereby covenant and agree to and with the said party of the second part . . . . heirs and assigns, that at time of ensealing and delivery of these presents . . . . the lawful owners, and she is well seized of the premises above conveyed, free and clear from all incumbrances, except as herein stated, and that the premises thus conveyed in the quiet and peaceable possession of the said party of the second part, she will forever warrant and defend against any person whomsoever, lawfully claiming the same or any part thereof." This action was brought to recover the amount of two taxes paid by the plaintiff, and which it is claimed were liens upon the premises prior to the conveyance by Mary Appel to Shaffer in November, 1871 ; one was a general city tax of 1870, of $20.10, assessed to Eliza A. Loder, a former owner, the other for a sewer tax, assessed in 1870 to William H. Benjamin, also a former owner of said premises, for the sum of $26.30, to discharge which the plaintiff, in August, 1877, paid $91.12, and to recover which this action was brought.

*H. H. Woodward,* for the appellants. It is well settled that the covenants of seizin, that the grantor has a right to convey, and that the land is free and clear from incumbrances, are personal covenants, and do not run with the land or pass to the assignee. If not true, there is a breach as soon as the deed is executed, and they become choses in action, which were not technically assignable. (4 Kent Comm., 8 ed., 528, note *a;* Gerard's Titles to Real Estate, 508; *Dimmock* v. *Lockwood,* 10 Wend., 142; Rawle on Covenants, 4 ed., 355, note 2; *Davis* v. *Lyman,* 6 Conn., 249; *Tillotson* v. *Boyd,* 4 Sandf., 516; *Lewis* v. *Ridge,* Cro. Eliz., 873; *Grescot* v. *Green,* 1 Salk., 199; Sugden on Vendors, American Notes by Perkins, 240, note *g,* citing cases in several of the States; *Clark* v. *Swift,* 5 Metc., 390; *Heath* v. *Wheden,* 24 Me., 383; *Chapman* v. *Holmes,* 5 Halst., 20; *Mitchell* v. *Warner,* 5 Conn., 597; *Davis* v. *Lyman,* 6 Id., 249; *Cathcart* v. *Bowman,* 5 Barr, 317; *Shelton* v. *Pease,* 10 Mo., 473; Angell Watercourses, 6 ed., 263; *Thayer* v. *Clemens,* 22 Pick., 494; *Whitney* v. *Dinsmore,* 6 Cush., 128; *Osborne* v. *Atkins,* 6 Gray, 424; Rawle Cov., 3 ed., 343–352; 4 Kent Comm., 11 ed., 472; *Blydenburgh* v. *Cothal,* 3 Duer, 197.)

*Daniel Wood,* for the respondents. The word "assigns" being used in all these covenants, indicates that there is also a privity of estate and contract between these parties, from defendants down to plaintiff, and constitutes a continuous link or chain from defendants down to plaintiff; and she, being the last assignee, can maintain this action in her own name against defendants. (*Thompson* v. *Rose,* 8 Cow., 266; *Colby* v. *Osgood,* 29 Barb., 339; *Ernst* v. *Parsons,* 54 How. Pr., 163; *Roberts* v. *Levy,* 3 Abb. Pr., N. S., 311.) A covenant for further assurance runs with the land, and is transferred by a conveyance. It carries a covenant against incumbrances with it, and a right of action for a breach of the covenant against incumbrances passes in equity. (*Colby* v. *Osgood,* 29 Barb., 339; *Roberts* v. *Levy,* 3 Abb. Pr., N. S., 311; *Ernst* v. *Parsons,* 54 How. Pr., 163.) A covenant to pay taxes and assessments ordinary and extraordinary is a covenant real, running with the land. (*Martin* v. *O'Connor,* 43 Barb., 514; *Whithy* v. *Mumford,* 5 Cow., 137;

*Snyder* v. *Jones*, 10 Wend., 180.) A lessee's covenant to pay assessments runs with the land, and binds the assignee of the term. (*Post* v. *Kearney*, 2 N. Y., 394, per GARDNER, J.; *Verplank* v. *Wright*, 23 Wend., 506.) A covenant to repair in a lease runs with the land, and binds the grantee of the covenantor. (*Myers* v. *Burns*, 33 Barb., 401; *Norman* v. *Wells*, 17 Wend., 136; *Allen* v. *Culver*, 3 Denio, 284.) In an action on the covenant against incumbrances in a deed, the plaintiff, if he has paid off the incumbrances, may recover the amount paid by him, &c. (*Delavergne* v. *Norris*, 7 Johns., 358; *Hall* v. *Dean*, 13 Id., 105; *Dimmick* v. *Lockwood*, 10 Wend., 149; *Barnes* v. *Mott*, 64 N. Y., 402.) An assignee is liable on all covenants which run with the land, as covenants to repair, pay rent, &c., although not expressly named therein. (*Jacques* v. *Short*, 20 Barb., 269–274, per STRONG, J.; *Lameth* v. *Anderson*, 6 Cow., 302; *Willard* v. *Tillman*, 2 Hill, 274; *Kearney* v. *Post*, 1 Sandf., 105; *S. C.*, affirmed in Court of Appeals, 2 N. Y., 394.) A covenant to pay rent runs with the land and passes to an assignee, who may sue in his own name. (*Demarest* v. *Willard*, 8 Cow., 206; *Willard* v. *Tillman*, 2 Hill, 274; *Childs* v. *Clark*, 3 Barb. Ch., 52–55; *Astor* v. *Miller*, 2 Paige, 68.) A covenant to pay taxes and assessments is broken when the lessee neglects to pay them. The covenant runs with the land and binds the assignee of the term, but not under-tenants, nor their assignees. (*Trinity Church* v. *Higgins*, 48 N. Y., 532; *Post* v. *Kearney*, 2 Id., 394; *Martin* v. *O'Connor*, 43 Barb., 514; *Astor* v. *Hoyt*, 5 Wend., 603.)

HARDIN, J.:

It is settled by authority that the grantor who gives a covenant against incumbrances, is liable only to the extent of the consideration money received. (*Dimmick* v. *Lockwood*, 10 Wend., 151.) It is also settled that the recovery can be had, only of the amount actually paid to relieve against the incumbrance, and not for an incumbrance outstanding and not paid off. (*Delavergne* v. *Norris*, 7 Johns., 358.) The plaintiff is the grantee and assignee of the covenants contained in the deed of the defendants, and after becoming such, paid off the taxes laid by assessment upon the lands, and thus

redeemed the lands from the sale, made to enforce the taxes. The taxes were liens upon the lands when the covenant of defendants was made.

Under such circumstances, the plaintiff was the real party in interest, who sustained actual damages, having acquired the right to enforce the covenant, by an equitable and incidental assignment, against incumbrances given by the defendants. (2 Story Eq., § 1040; *Roberts* v. *Levy*, 3 Abb. Pr., N. S., 316; *Ernst* v. *Parsons*, 54 How. Pr., 164, note; *Trustees of Columbia College* v. *Lynch*, 70 N. Y., 440; *Barnes* v. *Mott*, 64 Id., 402; *Prescott* v. *Trueman*, 4 Mass., 627; *Hall* v. *Dean*, 13 Johns., 105; *Colby* v. *Osgood*, 29 Barb., 339; *Richard* v. *Bent*, 59 Ill., 38; *S. C.*, 14 Am. R., 1, and cases there cited from five States.) Such a rule avoids a circuity and multiplicity of actions. The objection existing at common law, that a covenant or chose in action was not assignable, has been obviated by our modern legislation.

The actual damages accrued when the incumbrance was paid off to save the title from passing under the tax sale. If it was made in good faith, upon a valid and paramount claim, to avoid *a loss* of title, and an actual eviction, the right of redress was as perfect as though an actual eviction had taken place. (*Sweetman* v. *Prince*, 26 N. Y., 224; *Burt* v. *Dewey*, 40 Id., 283; *Bordwell* v. *Collie*, 45 Id., 497; *Delavergne* v. *Norris*, 7 Johns., 358.)

This covenant against incumbrances is coupled with one for quiet enjoyment of possession of the premises, and the two covenants, according to some authorities, may be construed together, and both be held to run with the land. (*Budd* v. *Marshall*, 22 Alb. L. J., 257; 42 L. T., N. S., 793; 2 Wait Actions and Defenses, 380.)

We think the plaintiff entitled, upon the facts established, to recover of the defendants, and the County Court, therefore, properly reversed the judgment of nonsuit; and we must, therefore, affirm the judgment of the County Court of Monroe county.

Judgment affirmed.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment of the county court affirmed.