Henry J. McGuckin, Appellant, v. Samuel W. Milbank et al., as Executors of William A. Cauldwell, Deceased, Respondents.

1. Covenant against Incumbrances — Damages for Breach. It is the general rule that a grantee under a deed containing a covenant against incumbrances, who has not been disturbed in his possession and who has not paid the mortgage or other money lien on the land, is not entitled, in an action for the breach of the covenant, to recover more than nominal damages.

2. Breach of Covenant against Incumbrances — Recovery Dependent upon Injury. A covenantee against incumbrances, who was not bound to indemnify his grantees and to whose grantees the benefit of the covenant did not pass, is not entitled to recover, in an action for damages against his grantor for breach of the covenant by reason of an outstanding mortgage, in respect to such portion of the land as the covenantee had conveyed for its full value, unaffected by such outstanding mortgage, prior to the foreclosure of a mortgage executed by himself on the premises; but he may recover substantial damages in respect to the portion of the land owned by him at the time of such foreclosure, and of the title to which he was thereby divested, by showing that the sum obtained therefor on the foreclosure sale was affected by the outstanding mortgage, to his loss.

*McGuckin* v. *Milbank*, 83 Hun, 473, affirmed.

(Argued March 10, 1897; decided March 23, 1897.)

Appeal from an order of the General Term of the Supreme Court in the first judicial department, entered February 6, 1895, which sustained defendants' exceptions ordered to be heard in the first instance at General Term, set aside a verdict in favor of plaintiff directed by the court and granted a new trial.

This action was brought to recover damages for an alleged breach of a covenant against incumbrances in a conveyance.

One Davies, prior to March, 1887, was the owner of lots numbers 59, 61, 63, 65, 67 and 69 East One Hundred and Twentieth street, New York city.

March 9, 1887, he executed and delivered to William A. Cauldwell a mortgage on each of said lots, each of which was given to secure $5,000, or such part as should be advanced toward improving the premises. June 27th following,

Davies made a further mortgage to George N. Manchester, covering the six lots, which mortgage contained a clause immediately following the description of the property, providing that the mortgage was in trust to secure the payment, to various individuals therein named, of certain sums aggregating $5,000. Cauldwell subsequently foreclosed his mortgages, and in the actions of foreclosure made George N. Manchester a party, naming him individually and not as trustee. Decrees were entered in all these foreclosure suits ; subsequently the properties were bought by Cauldwell at the foreclosure, who afterwards sold all of the lots to this plaintiff and conveyed them by deed containing a covenant against incumbrances. Plaintiff made no objection to taking the title on the ground that Manchester had been named individually as a defendant in the foreclosure suits, and it does not appear that either of the parties to the conveyance was aware that there was any basis for a claim that Manchester's mortgage had not been cut off by the foreclosure.

After plaintiff had obtained title he made an application to the Metropolitan Life Insurance Company for a loan of $10,500 upon each of the lots. The loan was made and thereafter plaintiff sold four of the lots, and as to them there is no controversy. In 1890 the Metropolitan Life Insurance Company commenced suits to foreclose its mortgages on Nos. 65 and 69, which resulted in judgments of foreclosure and sale, bearing date the 28th day of May of that year, the referee's report of sale being dated October 20, 1890. It does not appear that at the sales the attention of any one was called to the fact that George N. Manchester was made a party defendant individually, and not as trustee in the Cauldwell foreclosures, and so far as we are advised by the record, it does not appear that such fact was taken into consideration, or that it in any wise affected the bidding for the properties. After the commencement of such foreclosure suits one Cain, to whom the plaintiff had conveyed lot 65, made a contract for its sale to one Wittkowski, who subsequently refused performance on the ground that the Davies mortgage was an incum-

brance upon the property.    Subsequent to the sale of the lots pursuant to the judgment of May 28, 1890, by which plaintiff was divested of title, a suit was commenced by George N. Manchester, as trustee, to foreclose the mortgage complained of, in which action all subsequent parties in interest were made defendants, including the plaintiff and each of the persons who were *cestuis que trust* under the Davies mortgage to Manchester.    It resulted in a judgment dismissing the complaint, adjudging that the sale under the six several judgments of foreclosure obtained on the foreclosure of the Cauldwell mortgages did actually divest the lien of the mortgage executed by Davies and wife to George N. Manchester as trustee.

The premises conveyed by Cauldwell to the plaintiff consisted of a plot of ground 100 feet on East 120th street, upon which, at the time of the conveyance, six houses were in the course of erection, one on each of the lots into which the plot was divided.    They were afterwards completed by the plaintiff, and when completed each house and lot had cost him $14,700.    Before the commencement of the foreclosure action on the mortgage to the Metropolitan Life Insurance Company the plaintiff had sold and conveyed five of the six to different persons; but it does not appear that the deeds of conveyance contained any covenants of warranty or that they were made subject to the Manchester mortgage, or that they were sold with any reference to that mortgage as an outstanding incumbrance.

The trial judge ruled that the Manchester mortgage was not cut off by the foreclosure of the Cauldwell mortgage, and directed a verdict in favor of the plaintiff for $1,666.66, one-third of the principal of that mortgage, on the theory that that was the sum properly apportionable to the two lots, 65 and 69, and apparently upon the further assumption that the plaintiff was the owner of these two lots at the time his title was divested under the judgment and foreclosure of the mortgage to the Metropolitan Life Insurance Company.    The General Term sustained the exceptions of the defendants

taken on the trial and set aside the verdict and ordered a new trial, from which order the plaintiff appealed to this court, giving the usual stipulation.

Other facts are stated in the opinion.

*Daniel P. Mahony* for appellant. The breach of the covenant against incumbrances in the deed from Cauldwell to McGuckin was fully proved. (Jones on Mort. [2d ed.] §§ 1397, 1398; *King* v. *M. E. Co.*, 5 N. Y. 547; *Hubbell* v. *Moulson*, 53 N. Y. 225; *Landon* v. *Townshend*, 112 N. Y. 93; 129 N. Y. 166; *Rathbone* v. *Hooney*, 58 N. Y. 463; *U. S. Trust Co.* v. *Roche*, 116 N. Y. 120; *Osbourn* v. *Fallows*, 1 R. & M. 741; *Calverley* v. *Phelps*, 6 Madd. Ch. 229; *Anderson* v. *Stather*, 2 Coll. 209; *Moore* v. *Appleby*, 108 N. Y. 237; *Townshend* v. *Frommer*, 125 N. Y. 446; *Campbell* v. *Stokes*, 142 N. Y. 23; *Levy* v. *Levy*, 79 Hun, 290.) The plaintiff was not bound by the judgment entered in the case of *Manchester, as Trustee*, v. *Davies*. (*Ostrander* v. *Hart*, 130 N. Y. 406.) The rule of damages applied by the trial justice was even more favorable to the exceptants than the facts of the case might warrant. They were not aggrieved, and their exceptions thereto should have been overruled. (Rawle on Covenants [4th ed.], 256, 288; Mayne on Dam. [4th ed.] 201; *Mead* v. *Stackpole*, 40 Hun, 473; Sedg. on Dam. [8th ed.] § 976; *Delavergne* v. *Norris*, 7 Johns. 358; *Dimmick* v. *Lockwood*, 10 Wend. 142; *Chapel* v. *Bull*, 17 Mass. 213; *Funk* v. *Voneida*, 11 S. & R. 109; *Wilcox* v. *Campbell*, 106 N. Y. 325; *Jenks* v. *Quinn*, 61 Hun, 427.)

*John L. Cadwalader* for respondents. The trial judge erred in regard to the question of damages. (*Hall* v. *Dean*, 13 Johns. 105; *De Forest* v. *Leete*, 16 Johns. 123; *Baldwin* v. *Munn*, 2 Wend. 400; *Stanard* v. *Eldridge*, 16 Johns. 255; *Dimmick* v. *Lockwood*, 10 Wend. 142; *Grant* v. *Tallman*, 20 N. Y. 191; *Reading* v. *Gray*, 5 J. & S. 79; *Soule* v. *Dickson*, 1 N. Y. Supp. 697; *Andrews* v. *Appel*, 22 Hun, 429–433; *Barlow* v. *S. N. Nat. Bank*, 63 N. Y. 399; *Barnes* v. *Mott*, 64 N. Y. 397.) It is submitted that the mortgage to

Manchester was not made to him in any representative capacity. The mortgage was made to Manchester to have and to hold to him, his heirs and assigns, although in a part of the mortgage it is stated that the mortgage is executed as trustee for certain firms. Moreover, he became trustee of an express trust, and could have sued in his own name to foreclose, as the legal title was in him. (Code Civ. Pro. § 449; *Mellen* v. *H. F. Ins. Co.*, 17 N. Y. 611; *Clark* v. *Titcomb*, 42 Barb. 122; *Bloomer* v. *Sturges*, 58 N. Y. 176; *Wagner* v. *Hodge*, 34 Hun, 524; 98 N. Y. 654.) The decree of the Supreme Court, in the suit of *Manchester, Trustee,* v. *Davies*, commenced in 1890, and in which a decree was entered in December, 1891, and where the mortgage was then satisfied, divested any lien which existed. (*Bullymore* v. *Seward*, 15 Wkly. Dig. 283; *Payn* v. *Grant*, 11 Wkly. Dig. 197.)

Andrews, Ch. J. Unless upon the evidence the plaintiff was in any event entitled to recover at least the sum for which the verdict was directed, the direction was erroneous and the order of the General Term must be affirmed, although a case was or might have been made for the recovery of damages to some amount for the breach of the covenant against incumbrances contained in the deed of Cauldwell. The action was brought upon the theory that the Manchester mortgage had not been cut off by the foreclosure of the mortgage under which Cauldwell acquired title, although it was a subsequent lien, and Manchester was made a party defendant to those foreclosures. The defendants, while insisting that the lien of the Manchester mortgage was extinguished by the foreclosures, further contend that although it may have been an outstanding and valid incumbrance on the property at the time of the conveyance by Cauldwell to the plaintiff, and constituted a breach of the covenant against incumbrances contained in Cauldwell's deed, no case was made for the recovery of more than nominal damages. The plaintiff was neither evicted under the Manchester mortgage, nor has he paid the mortgage or any part of it. It is the general rule that a grantee under

a deed containing a covenant against incumbrances, who has not been disturbed in his possession and who has not paid the mortgage or other money lien on the land, is not entitled in an action for the breach of the covenant to recover more than nominal damages.    This rule was declared with great distinctness in the case of *Delavergne* v. *Norris* (7 Johns. 358), and has been steadily adhered to in this state.    The principle of the decision is that a covenant against incumbrances is treated as a contract of indemnity, and although broken as soon as made, if broken at all, nevertheless a recovery (beyond nominal damages) is confined to the actual loss sustained by the covenantee by reason of the payment or enforcement of the incumbrance against the property.    He is not permitted to recover the amount of the outstanding incumbrance, before payment or loss of the property, although its existence may be an embarrassment to his title and subject him to inconvenience.    The reason for the rule is stated in *Delavergne* v. *Norris.*    " If the plaintiff, when he sues on a covenant against incumbrances, has extinguished the incumbrance, he is entitled to recover the price he has paid for it.    But if he has not extinguished it, but it is still an outstanding incumbrance, his damages are but nominal, for he ought not to recover the value of an incumbrance, on a contingency, where he may never be disturbed by it."    The case cited was the case of a mortgage which could be discharged as of right by a money payment, and where the grantee was in the undisturbed possession of the land.    But there is no duty resting upon a covenantee in such a case to pay the incumbrance, as between him and his grantor, and if the title of the covenantee is divested by proceedings *in invitum* based on the incumbrance, without fraud or collusion on his part, then it would seem that whatever damages can arise out of the breach of the covenant had happened and may be recovered.    In the case supposed the covenantee has lost his property by reason of the incumbrance.    It is no longer a contingent or speculative injury, but certain and final to the extent of the value of the interest of which he has been divested.

In the present case, as has been said, the plaintiff neither paid the Manchester mortgage, nor was he evicted under it. Lots 65 and 69 were sold under the mortgage executed by the plaintiff to the Metropolitan Life Insurance Company. The title of the plaintiff to five of the six lots covered by the Manchester mortgage had been conveyed by him prior to this foreclosure. It does not appear that his deeds for the five lots contained any covenants, nor that they were sold for less than the full value. The inference from the facts proved is that neither the grantor nor the grantees in these deeds supposed at the time the conveyances were made that the Manchester mortgage was a lien on the premises. All the parties assumed that it was divested by the foreclosure of the Cauldwell mortgages. It does not appear, therefore, that the plaintiff suffered any injury as to the five lots by reason of the existence of the Manchester mortgage, and he was not entitled to any damages as to those lots. The plaintiff, upon the proofs, was not bound to indemnify his grantees, and the benefit of the covenant did not pass to them by the conveyances from the plaintiff. In respect to the one lot, the title to which remained in the plaintiff up to the time of the foreclosure, a different question is presented. If there was evidence that the sum bid for that lot on the sale was affected by the fact of the incumbrance of the Manchester mortgage, which (if a lien) was paramount to the lien of the mortgages of the Metropolitan Life Insurance Company, under which the sale was made, and the lot on that account brought less than it otherwise would, then a reasonable basis for the award of substantial damages would have been established, provided, as we assume for the purposes of this case, the Manchester mortgage was an existing incumbrance. The covenantor could not complain that the plaintiff suffered the lot to be sold under the Metropolitan Life Insurance Company mortgages. The plaintiff may have been unable to pay the mortgages and prevent a foreclosure, but whatever may have been the reason for his default was a matter in which the covenantor had no concern. When the plaintiff lost his title to the lot, all the

damages he could sustain from the breach of Cauldwell's covenant had been incurred, and if the property did not bring its full value by reason of the incumbrance of the Manchester mortgage, to the extent of the deficiency between the price for which it was sold and the price it would have brought except for the incumbrance, the plaintiff suffered an actual injury from its breach, an injury not contingent or speculative, but real and capable of ascertainment by a jury. But the infirmity of the plaintiff's case is that the evidence fails to show that the Manchester mortgage was a factor which entered into the sale, or was in the contemplation of the purchasers on the foreclosure. The Metropolitan Life Insurance Company had accepted the title when it took its mortgages. No reference was made to the Manchester mortgage at the foreclosure sale. In fact the inference is very strong that the bids were made on the assumption that the Metropolitan Insurance Company mortgages were the first and paramount liens on the property. There is no evidence of the value of the lot owned by the plaintiff at the time of the sale or that such value exceeded the sum for which it was sold. The lot sold for a sum nearly equal to what the property had cost the plaintiff. The plaintiff was entitled to recover a sum equal to any actual injury he had suffered in respect to the one lot from a breach of the covenant, but it was not shown that such injury was equal to the one-third part of the Manchester mortgage. His legal injury under the evidence could not exceed the loss he sustained on the one lot to which alone he had title at the time of the foreclosure, and not to two lots which the trial judge seems to have assumed he owned at that time.

We think the trial court erred in directing a verdict for any specific sum, and that the order of the General Term properly granted a new trial.

It is unnecessary to pass upon the other questions argued.

The order should be affirmed and judgment absolute directed.

All concur, except Martin, J., absent.

Order affirmed and judgment absolute ordered for defendants, with costs.