OSTROW v. LESSER.

(Supreme Court, Appellate Term, First Department.   February 4, 1915.)

COVENANTS (§ 96*)—ACTIONS FOR BREACH—COVENANT AGAINST INCUMBRANCE.
    A grantee under a deed containing a covenant against incumbrance cannot recover against the grantor the amount of a judgment, which was a lien upon the property by showing that he paid the amount thereof to his purchaser, without also showing that the purchaser took title subject to the incumbrance, or that the payment removed the incumbrance.
    [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 111–129; Dec. Dig. § 96.*]

Appeal from Municipal Court, Borough of Bronx, Second District.
    Action by Daniel Ostrow against Albert D. Lesser. Judgment for the plaintiff, and defendant appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued January term, 1915, before GUY, BIJUR, and GAVE-GAN, JJ.

Tobias A. Keppler, of New York City (Sidney V. Hirsh, of New York City, of counsel), for appellant.

Locker & Locker, of New York City (Benjamin Locker, of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff's claim ultimately resolved itself into a demand for the amount of an incumbrance based on a breach of warranty of title.   Plaintiff was defendant's grantee under a deed containing a warranty against incumbrance.   When plaintiff conveyed to one Jans, it was discovered that there existed a lien on the property in the form of a judgment against defendant's grantor.   Thereupon plaintiff claims to have paid to Jans the amount of this judgment, with interest to date. It was not shown that Jans took title subject to the incumbrance, nor that the incumbrance was removed by payment of the judgment.   Under the circumstances, plaintiff cannot recover.   See Delavergne v. Norris, 7 Johns. 358, 5 Am. Dec. 281.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.