JOHN H. HANSEN, Respondent, *v.* GEORGE PATTBERG, Appellant.

Second Department, December 5, 1924.

**Vendor and purchaser — action by vendor on promissory note given on purchase of real property — counterclaim for damages based on encroachment of property on public street — incumbrance cannot be removed by payment of money — purchaser is entitled to actual damages for breach of covenant.**

In an action on a promissory note which was given in part payment of the purchase price of premises in Brooklyn, the defendant is entitled to recover on his counter-

claim actual damages for the breach of a covenant against incumbrances where it appears that the breach of the covenant consists of an encroachment of the building on a public street.

The rule that nominal damages only can be recovered for the breach of a covenant against incumbrances where the incumbrance has not been removed applies only to cases where it may be removed by the payment of money, and in a case like the present one where the incumbrance cannot be removed by the payment of money, the purchaser may bring his action immediately upon the breach and recover actual damages.

RICH and MANNING, JJ., dissent.

APPEAL by the defendant, George Pattberg, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of March, 1924, upon the verdict of a jury rendered by direction of the court.

*Harry G. Anderson* [*Irving Lipton* with him on the brief], for the appellant.

*Frederick S. Martyn* [*Emil A. Williams* with him on the brief], for the respondent.

YOUNG, J.:

The action is brought to recover $1,250 upon a promissory note apparently given in part payment of the purchase price of premises known as 6905 Third avenue in the borough of Brooklyn, though no evidence was introduced to establish this. The defense and counterclaim are substantially an alleged breach of the covenant against incumbrance contained in the deed of conveyance to the defendant of the premises in question, in that there are encroachments of the building upon the public street.

They are evidenced by a survey, but there is no evidence that they have been removed, or that the defendant's possession of the premises has been disturbed. The trial court at the close of the trial, directed a verdict in favor of plaintiff for the amount of the note and interest, and for the defendant for nominal damages.

The main question presented by this appeal relates to whether or not defendant was entitled to recover more than nominal damages on his counterclaim. If the incumbrances in question are such that they can be removed by the defendant, it seems clear that the defendant would be entitled to recover but nominal damages. (*Delavergne* v. *Norris*, 7 Johns. 358; *McGuckin* v. *Milbank*, 152 N. Y. 297.) The reason for the rule is that a covenant against incumbrances is a contract of *indemnity*, and the grantee is not entitled to recover until removal or payment.

Both of the cases last cited, however, involved mortgage incumbrances, and in my opinion this rule is limited to the case of an incumbrance in the nature of a money charge such as a mortgage,

judgment, assessment or tax, which may be discharged by the payment of money. Where, however, the incumbrance is of such a permanent nature that it cannot be removed or extinguished by payment of money such as an easement, restrictions, etc., the covenantee may bring his action immediately upon the breach and recover just compensation for the real injury, and is not limited to mere nominal damages. The measure of damages in such case is the depreciation in value of the land by reason of the incumbrance. (3 Sedg. Dam. [9th ed.] § 967 *et seq.; City of New York* v. *N. Y. & S. B., etc., Co.,* 231 N. Y. 18; *Geiszler* v. *DeGraaf* 166 id. 339, 343.)

In my opinion the incumbrance in the present case is of such character that it cannot be removed by a money payment. The encroachment upon a public street is of course in the nature of a public nuisance. Plaintiff cannot purchase the land so encroached upon because the municipal authorities would have no right to sell it, nor to continue its existence for a money consideration. (*Acme Realty Co.* v. *Schinasi,* 154 App. Div. 397; affd., 215 N. Y. 495.)

The judgment should, therefore, be reversed upon the law, and a new trial granted, with costs to abide the event.

KELLY, P. J., and JAYCOX, J., concur; RICH and MANNING, JJ., dissent, and vote to affirm.

Judgment reversed upon the law, and new trial granted, with costs to abide the event.