ESTER FEIGIN, Plaintiff, v. ROSE RUSSEK, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District,
December 27, 1927.

Deeds — incumbrances — action by purchaser under warranty deed for damages arising from fact property was incumbered by certain contracts — deed warranted premises to be free from incumbrances except as to covenants restricting character of garage which might be erected on property — proof shows use of property for hotel or boarding house purposes was restricted by provisions in other contracts of which plaintiff had no notice — restrictions assumed by plaintiff cannot, under Real Property Law, § 253, be extended beyond those specified in deed — value of property unincumbered would be far in excess of what it is incumbered under other contracts.

This is an action by a purchaser, under a warranty deed, to recover damages arising from the fact that the property was incumbered and its use limited by certain contracts to which her deed made no reference. It appears that the deed warranted the premises to be free from incumbrances, except as to certain covenants contained in a contract which restricted the character of a garage which might be erected on the premises. The proof shows that the use of the property for hotel or boarding house purposes was restricted by the provisions of other contracts of which plaintiff had no notice and to which no reference was made in her deed.

Since the restrictions assumed by plaintiff cannot, under section 253 of the Real Property Law, be extended beyond those specified in the deed, plaintiff is entitled to recover, particularly where there is ample proof that the value of the property unincumbered would be far in excess of what it is as incumbered under the contracts restricting the use of the property for business purposes.

ACTION by purchaser under warranty deed to recover damages on the ground that the property was incumbered and its use limited by certain contracts.

*Louis Lande,* for the plaintiff.

*Joseph Nemerov,* for the defendant.

PANKEN, J. Plaintiff, by warranty deed duly executed on April 10, 1924, under the seal of the defendant, was vested with title to certain property situate in Long Beach.

The deed, following the contract of sale, provides as follows: " Together with all the right, title and interest of the seller in and to such rights, as Theodore J. Chabot may have acquired under an agreement or instrument in writing dated the 30th day of March, 1914, executed by the Estates of Long Beach to said Theodore J. Chabot, and recorded in the office of the Clerk of the County of Nassau, on April 4th, 1914, in Liber 364 of Deeds, page 182."

It further provides:

" *Third.* That the said premises are free from incumbrances; except as aforesaid."

Together with her brief, the defendant submits a copy of the contract entered into between the Estates of Long Beach and the said Theodore J. Chabot, dated the 30th day of March, 1914. This is the agreement referred to both in the contract of sale as well as in the deed. In the enacting clause the following language appears:

" WHEREAS by deed bearing date July 14, 1909, and recorded in the office of the Clerk of the County of Nassau, in Liber 198, page 80, of Deeds, on July 17, 1909, party of the first part did grant and convey to the party of the second part  *  *  * " and the description of the land follows.

In effect, the agreement of March 30, 1914, modifies a prior contract between the Estates of Long Beach and the said Theodore J. Chabot, relative to the character of the garage that may be erected on the property owned by the said Chabot.

The plaintiff seeks to recover the sum of $1,000 damages, on the ground that the property when conveyed was incumbered and its use limited by certain contracts respectively dated July 14, 1909, June 14, 1911, January 6, 1914, and June 14, 1916; all of which contracts were introduced and received in evidence, and are now before me.

At the time of the execution of the warranty deed, an affidavit of title was made by the defendant, which affidavit is in the usual form. In part it reads: " Deponent further says that the said premises have been held by her for three years last past, and that her possession thereof has been peaceable and undisturbed, and that the title thereto has never been disputed or questioned to her knowledge, nor does deponent know of any facts by reason of which said possession or title might be disturbed or questioned, or by reason of which any claim to said premises, or any part thereof, might arise or be set up adverse to this deponent; " and further on says: " and that the same are now free and clear of all taxes, incumbrances  *  *  *."

There is ample proof in the case that the incumbrances on the property restricting its use to certain purposes reduce its value; that unrestricted the value of the property would be in excess of what it is by reason of such restrictions. I should find that the difference in the value would be greater than by $1,000.

The question to be passed upon is whether or not the warranty deed excepts the restrictions on the property which are made the basis of this action from the warranty.

The plaintiff was put on notice as to the contract dated March

30, 1914, to which reference has been made by me. There are, however, four other contracts introduced in evidence by the plaintiff, one of which, dated July 14, 1909, restricted the property in the following language:

"*First.* That neither the said party of the second part nor his heirs nor assigns shall or will erect or permit upon any portion of the said premises any building except a detached dwelling house for one family only, and no less than two stories in height with a cellar, nor of less cost than seven thousand dollars, nor with a roof of the character or description known as a flat roof.

"*Second.* That neither the said party of the second part nor its heirs or assigns shall or will erect or permit more than one such dwelling on each parcel of land 100 feet in width by 100 feet in depth."

Long Beach in part is used as a summer colony. Hotels and boarding houses have been erected for the accommodation of vacationists. It has been testified to that if the property were unrestricted it would be available for the erection of a hotel or boarding house or houses.

It has been repeatedly held by the courts of this State that covenants in a deed must be read together and construed as a whole. The phrase appearing in the deed, "except as aforesaid," refers to the restrictions in the agreement or instrument dated the 30th day of March, 1914. No mention was made of the contract dated July 14, 1909.

The restrictions which seriously affect the value of the property are those contained in the contract of July, 1909.

In a decision in the case of *Saphir* v. *Herlihy* (N. Y. L. J. July 7, 1927) Mr. Justice FABER said: "The contract provides for a conveyance of the premises in fee simple absolute and free of all incumbrances. The fact that following the description are the words, ' being the same premises and title as were conveyed by Shepard M. Scudder, as Treasurer of Suffolk County, to W. Raymond Fry,' does not in any wise change the contract relative to the character of the title intended to be conveyed."

In the case before me no mention is made of the restriction placed upon the property under the contract of July, 1909. I must assume in the absence of proof to the contrary in the case, that the plaintiff relied upon the covenants contained in the deed and the reference made to the restrictions in said deed. She was put on notice as to covenants restricting the character of the garage that might be erected on the land conveyed by the warranty deed, but no notice was given to her of any other restriction.

In fact, section 253 of the Real Property Law, subdivision 3,

reads: " Freedom from incumbrances. A covenant ' that the said premises are free from incumbrances,' must be construed as meaning that such premises are free, clear, discharged and uni..cumbered of and from all former and other gifts, grants, titles, charges, estates, judgments, taxes, assessments, liens and incumbrances, of what nature or kind soever."

In face of the mandatory character of the Real Property Law, defining what is meant by freedom from incumbrances, it would seem that the defendant specifying in her warranty deed the restrictions on the property assumed by the grantee, such restrictions cannot be extended beyond those specified.

I am referred by the defendant to the case of *McGuckin* v. *Milbank* (152 N. Y. 297) as authority for the proposition that the plaintiff in any event would only be entitled to nominal damages. Counsel quotes from that case: " It is the general rule that a grantee under a deed containing a covenant against incumbrances, who has not been disturbed in his possession and who has not paid the mortgage or other money lien on the land, is not entitled in an action for the breach of the covenant to recover more than nominal damages. This rule was declared with great distinctness in the case of *Delavergne* v. *Norris* (7 Johns. 358), and has been steadily adhered to in this State. The principle of the decision is that a covenant against incumbrances is treated as a contract of indemnity, and although broken as soon as made, if broken at all, nevertheless a recovery (beyond nominal damages) is confined to the actual loss sustained by the covenantee by reason of the payment or enforcement of the incumbrance against the property."

I have already concluded that there is ample probative proof upon which a finding must be made that the value of the property unincumbered would be far in excess of what it is as incumbered under the contract of July, 1909. The loss, therefore, is actual and not nominal.

In the case of *Hansen* v. *Pattberg* (212 App. Div. 49) the court says, distinguishing *Delavergne* v. *Norris* (*supra*) and *McGuckin* v. *Milbank* (*supra*): " Where, however, the incumbrance is of such a permanent nature that it cannot be removed or extinguished by payment of money such as an easement, restrictions, etc., the covenantee may bring his action immediately upon the breach and recover just compensation for the real injury, and is not limited to mere nominal damages. The measure of damages in such case is the depreciation in value of the land by reason of the incumbrance."

Judge CARDOZO in the case of *City of New York* v. *N. Y. & S. B.*

*Ferry & S. T. Co.* (231 N. Y. 18), distinguishing the cases of *Delavergne* v. *Norris* and *McGuckin* v. *Milbank*, distinguishes the restriction upon the land from incumbrances which are moneyed in character. In that case Judge CARDOZO lays down the rule in relation to damages in the following language: " The damages may be measured by the difference between the value of the land without the servitude and with it."

There is another fruitful statement of the court as it bears upon the evidence in the case before me: " A covenant against incumbrances must be restricted, it is said, to incumbrances unknown to the grantee when accepting the conveyance. Such is not the law as our decisions have declared it. * * * The value of covenants of title would be seriously impaired if their operation could be limited by notice, actual or constructive, of the presence of a hostile right. * * * The claim is offset by its negation. The covenant is an assurance that what is asserted by the claimant to be a right is in truth a delusion or a pretense. The city took the defendant at its word."

In the case before me the grantee took the grantor at her word. The restrictions contained in the contract of March 30, 1914, affected the character of garages only, and no reference whatever was made to the restrictions contained in the instrument or contract of July, 1909.

On all the facts and the law, plaintiff is entitled to judgment for the sum demanded.