# SUPREME COURT.

## DOROTHEA ERNST agt. WILLIAM P. PARSONS.

*Covenants against incumbrances — action by assignee of grantee against grantor.*

Where P. conveyed to S. land by deed, with covenants against incumbrances and for further assurance of title, and S. afterwards conveyed to E. with like covenants, P. is liable to E. for the amount of an assessment, a lien on the land, at the time P. conveyed to S.

*Special Term, February,* 1876.

DEMURRER to complaint.

*Philip J. Joachimsen,* of counsel for defendant, in support of the demurrer.

*Thomas Darlington,* of counsel for plaintiff, opposed.

VAN VORST, *J.* — The defendant, in his deed to Eliza Hess (the plaintiff's grantor), covenanted with his grantee, her heirs *and assigns,* amongst other things, that the premises were, at the time of the conveyance, free, clear, discharged and unincumbered, except as to the mortgage mentioned in the deed. The conveyance also contained the usual covenants for further assurance of title, and the vesting and confirming the premises to Eliza Hess, her heirs and assigns forever, and also a covenant to warrant and defend the title against the claims of every person whomsoever.

At the time of the execution of the deed by the defendant

there was in fact an *assessment* outstanding and unpaid which was an incumbrance upon the land.

The plaintiff is the grantee of Eliza Hess and has become vested and seized with all her estate, claim and interest in the premises, and during the plaintiff's seizin the land in question has been sold under the assessment, and in order to redeem and save her estate she has been compelled to pay the amount for which the same was sold. It is urged by the defendant's counsel that there is no privity of contract between plaintiff and defendant, and therefore no cause of action in plaintiff's favor. In answer to that suggestion it is to be observed that the covenant was with Eliza Hess *and her assigns*. The covenant was certainly against the incumbrance in question, which was inseparable from the land and from which it could not be relieved, except by payment or other legal discharge. This the defendant was himself bound to effect within the spirit of his covenant.

It is also urged that this covenant against incumbrances was broken so soon as the deed was executed by the defendant, and that the right created thereby is a chose in action in favor of the defendant's grantee and did not pass to the plaintiff. If so it is a barren right, for the defendant's grantee personally suffered no damage from the incumbrance, as it was yet a lien upon the land when she conveyed to the plaintiff; at most her damage is nominal only. The plaintiff has borne the consequences against which the covenants in the defendant's deed are an indemnity. But I think the right and remedies in favor of the defendant's grantee passed to the plaintiff with the conveyance of the land. The transfer of the land, the principal thing, should be held to imply, in equity, an assignment of all remedies under the covenant for a breach thereof (*Rawl's Cov. of Title* [4th ed.], 357, 358; *Roberts agt. Levy*, 3 *Abbott's Pr.* [*N. S.*], 311).

By this construction multiplicity of action is avoided and substantial justice is done (*Sprague agt. Baker*, 17 *Mass.*

Ernst agt. Parsons.

386), but I think the action may be maintained under the authority of *Colby* agt. *Osgood* (29 *Barb.*, 339).

The covenants of further assurances of title and warranty certainly passed to the plaintiff. They operated in the future (*Foote* agt. *Burnett*, 10 *Ohio*, 317, 333; *McCready* agt. *Brisbane*, 1 *Nott & McC.*, 104; *Barnes* agt. *Mott*, 64 *N. Y.*, 402). It was clearly an obligation resting upon the defendant to free the land from the assessment. This he failed to do and allowed the premises to be sold for its satisfaction. In redeeming the land by paying the assessment plaintiff did that which was clearly the defendant's duty under the covenants in question, and hence he is liable. So long as the assessment was unpaid there was a continuing breach of the defendant's covenant.

There should be judgment for the plaintiff on the demurrer, with leave to the defendant to answer on payment of costs.

NOTE. In a late case in the court of appeals, 1877, not yet reported (*The Trustees of Columbia College* agt. *Anna M. Lynch*), in speaking of the proper party to maintain an action for a breach of covenant in respect to land —

ALLEN, *J.*, says: "Should it appear that the plaintiffs had parted with the title, it might be questioned whether they could maintain the action. The right exists for the benefit of the owners of the land for the time being, and it may be waived or released by them, and it would seem they would be the proper parties to bring the action. At most the plaintiffs would be but the *dry trustees* of the covenants, for the benefit of their grantees, and in equity, and in all cases under the present system of practice, *the real party in interest should bring the action.*"   [REP.