Boyd agt. Belmont.

# N. Y. COMMON PLEAS.

HARRIETTE M. BOYD agt. AUGUST BELMONT.

*Assignment — what may be assigned — Covenant against incumbrances which is broken when deed is delivered is assignable — Parties — Complaint — Demurrer.*

The rule that a covenant in a deed against incumbrances which is broken when the deed is delivered, does not pass like covenants that run with the land to a subsequent purchaser, as it is a chose in action which is not assignable, is no longer the law in this state.

Under the Code all choses in action are assignable, except those that, from their nature or because they are forbidden by law, cannot be assigned, such as the right to a revolutionary pension, the unearned salary of a public officer, the beneficial interest of a *cestui que trust* in certain cases, &c., and the action must be brought in the name of the assignee, he being the real party in interest.

The distinction between a covenant and a covenant broken is, therefore, no longer material in this state, the covenant, though broken, being assignable and suable in the name of the assignee.

The covenant against incumbrances (now that the objection that choses in action are not assignable no longer exists) necessarily passes to the person to whom the land is conveyed, together with the land, because, if there be an incumbrance, it affects the value of the land, and, to the extent of the incumbrance, impairs the title.

Accordingly, where the plaintiff, by the sheriff's deed, acquired all the rights in the property which the defendant had conveyed to B., and

when the plaintiff, to save her estate from the effect of the incumbrance, was compelled to pay it off, the defendant having refused so to do, *held*, that she could maintain an action upon the covenant which had passed to her with the land by assignment, to recover the damages she had sustained by the breach of it.

*Special Term*, 1880.

DALY, *C. J.* — A covenant in a deed against incumbrances has all that is essential in a covenant running with the land, for what is required in a covenant to make it run 'with the land is that it shall affect the nature, quality or value of the property conveyed, and that there shall be in respect to it privity of estate (*Platt on Covenants*, 461 ; *Colby* agt. *Osgood*, 29 *Barb.*, 343 *and cases cited*). The reason, however, why it was held not to run with the land is the one given in *Lewis* agt. *Ridge* (*Cro. Eliz.*, 863), that such a covenant is broken when the deed is delivered, there being then an incumbrance ; so that it is, on the delivery of deed, merely a chose in action, which, at the early period when *Lewis* agt. *Ridge* was decided, could not be transferred, and, therefore, could not pass with the land, as a chose in action was incapable of assignment by the common law so as to vest in the assignee any right to sue upon it ; and it was upon this ground that it was held in this country that no action could be maintained by an assignee upon such a covenant, or the covenant of seizin, or of the right to convey, because if not true there was a breach of these covenants as soon as executed that made them choses in action which were not assignable (4 *Kent's Com.*, 471 [*4th ed.*] ; *Greenby* agt. *Wilcocks*, 2 *Johns. R.*, 1 ; *Marshall* agt. *Hobbes*, 2 *Mass.*, 433 ; *Bartholomew* agt. *Candee*, 4 *Pick.*, 167).

This rule was founded upon purely technical grounds, and has not been regarded as a satisfactory one (*Colby* agt. *Osgood*, 29 *Barb.*, 341, 342, 343), for the reasons given in the very able dissenting opinion of judge BROCKHOLST LIVINGSTON, in *Greenby* agt. *Wilcocks* (*supra*), as the assignee in possession, if the incumbrance remained and was enforced or had to be

removed by him, was the one who was damaged by the non-performance of the covenant, for the covenantee, having parted with the property, sustained no actual injury, and if he brought an action for the breach of the covenant, could recover nominal damages only, whilst the party really injured was practically without remedy.

In *Kingdom* agt. *Nottle* (1 *M. & S.*, 355) it was held that upon a covenant of seizin, which comes within the same rule, being broken, if untrue, as soon as it was made, that no action could be maintained by the executor for the breach of such a covenant; that the testator might have sued for the breach of it during his lifetime, but as he had not the covenant with the right to sue for the breach of it, devolved with the estate upon the devisee, which was equivalent to holding that the covenant ran with the land and passed to the devisee, notwithstanding that it had been broken in the lifetime of the testator; and the devisee having afterwards brought his action upon the same covenant, recovered for the breach of it (*Kingdom* agt. *Nottle*, 4 *M. & S.*, 53), the court holding that such a covenant ran with the land, and, though broken during the lifetime of the covenantee, that it was a continuing breach in the time of the devisee, so as to entitle him to bring an action for the injury he had sustained by the breach of it.

In *Backay* agt. *McCoy* (3 *Ohio*, 211), after a full examination of the cases in this state, in Massachusetts, and in England, it was held that if the grantor, at the time of the conveyance was in possession under color of title, claiming a fee, that the covenant of seizin is a real covenant that is annexed to the land and passes with it to the heir or assignee, until he who has the paramount title asserts it by the eviction of the person in possession, who then has a claim for damages under the covenant, which he may enforce by action, and being then a thing in action, it is not, after that, assignable by the common law. In *Foote* agt. *Burnett* (10 *Ohio*, 317), after a very thorough review of all the authorities, and of the preceding case in the same court, it was held that a covenant against

incumbrances, like the covenant of seizin, is made for the benefit of the grantee, in respect to the land ; that it is not to be understood as a contract in which the immediate parties are alone interested, but is intended for the security of all subsequent grantees ; that, if the first grantee continues in possession of the land, while his title remains undisturbed, and conveys to a subsequent grantee, in whose time an outstanding incumbrance is enforced against the land, justice requires that this subsequent grantee should have the benefit of the covenant against incumbrances to indemnify himself ; and professor Washburn, after reviewing the authorities, says : "It would seem that the covenant against incumbrances may run with the land, and may be sued by whoever is the owner of the land, if the same be not in fact broken until the owner shall have acquired title to the premises ; provided the incumbrance be of such a nature that when it takes effect to impair the value of the premises, it relates back to the time of making the deed and covenant ; " the reason given for which, is, that if the subsequent owner cannot sue upon this covenant, he is wholly without remedy (3 *Washburn on Real Property*, 396, 3d ed.). The decision in *Kingdom* agt. *Nottle* and *Foote* agt. *Burnett (supra)*, as well as what was said by professor Washburn, apply to the present case. The incumbrance here existed when the covenant was made and the premises conveyed to Bird. It was an assessment and, remaining unpaid, the premises were sold by the city, whilst Bird was the owner, for the amount of the assessment, and a certificate was given to the purchaser, which entitled him to a lease of the premises for a certain number of years after the expiration of a fixed period, if they were not redeemed within that period by the payment of the assessment, interest, &c. The plaintiff, after she became the purchaser, upon the foreclosure of her mortgage, and had received the sheriff's deed, requested the defendant, in consequence of his covenant, to discharge the incumbrance, which he refused to do ; whereupon she, to prevent the giving of a lease to the purchaser at the tax sale, paid off

the incumbrance, which was a continuing breach of the covenant that took effect to her damage and injury, when she was compelled to pay off the incumbrance in consequence of the defendant's refusal to do so, and without which the property would have passed to the purchaser at the tax sale for a term of years.

But it is not necessary, in overruling the demurrer, to rest on that ground alone. The rule that a covenant against incumbrances, which is broken when the deed is delivered, does not pass, like covenants that run with the land, to a subsequent purchaser, as it is then a chose in action, which is not assignable, is no longer the law in this state, because the reason upon which it was founded — or, to express it differently, the difficulty which led to the adoption of a rule so technical and so unjust in its practical operation — no longer exists in this state. Though choses in action were not assignable at the common law they were assignable in equity. Courts of equity would always protect the beneficial interest of the assignee, and, ultimately, courts of law recognized the right of the assignee of a chose in action to sue upon it in the name of the assignee; so that even in courts of law it became little more than a technical rule of pleading in respect to parties, which the Code finally abolished by providing that every action shall be prosecuted in the name of the real party in interest; and the one hundred and twelfth section (*Code of* 1870) makes express provision for actions by an assignee of a thing in action. This, together with the general provision that the distinction between suits at law and suits in equity and the form of all such actions are abolished, and that there is to be but one form of action, has swept away the whole ground upon which this rule rested. All choses in action are assignable, except those that from their nature, or because they are forbidden by law, cannot be assigned, such as the right to a revolutionary pension, the unearned salary of a public officer, the beneficial interest of a *cestui que trust* in certain cases, &c.; and the action must be brought in the name of the

assignee, he being the real party in interest. The distinction between a covenant and a covenant broken is, therefore, no longer material in this state, the covenant, though broken, being assignable and suable in the name of the assignee. The covenant against incumbrances — now that the objection that choses in action are not assignable no longer exist, necessarily passes to the person to whom the land is conveyed, together with the land, because, if there be an incumbrance, it affects the value of the land, and, to the extent of the incumbrance, impairs the title. The plaintiff, by the sheriff's deed, acquired all the rights in the property which the defendant had conveyed to Boyd; and when the plaintiff, to save her estate from the effect of the incumbrance, was compelled to pay it off, the defendant having refused to do so, she could maintain an action upon the covenant, which had passed to her with the land, by assignment, to recover the damages she had sustained by the breach of it (*Hunt* agt. *Amidon*, 4 *Hill*, 345 ; *Thompson* agt. *Rose*, 8 *Cow.*, 266 ; *Beddes' Exrs.* agt. *Wadsworth*, 21 *Wend.*, 120 ; *Norman* agt. *Wells*, 17 *id.*, 150 ; *Exall* agt. *Partridge*, 8 *T. R.*, 308). The demurrer is, therefore, overruled with liberty to the defendant to answer in ten days, on payment of costs of demurrer, or otherwise judgment for the plaintiff on the demurrer.