JONATHAN LADD *vs.* ANN J. NOYES.

Middlesex.   Jan. 10. — April 1, 1884.   DEVENS & HOLMES, JJ., absent.

An action for a breach of the covenants against incumbrances and of warranty in a deed of land from the defendant to the plaintiff's grantor, occurring before the plaintiff became the owner of the land, cannot be maintained; and evidence that the plaintiff's grantor knew, when he took his deed, of the existence of the matter relied upon to prove the alleged breach, is inadmissible.

W. ALLEN, J.   This is an action upon the covenants against incumbrances and of warranty in a deed of land from the defendant to the plaintiff's grantor.   To maintain the action, the plaintiff must show a breach of one of the covenants after he became the assignee of the land.   A right of action for a breach of a covenant is a chose in action, and does not pass with the land.   The plaintiff cannot recover upon evidence which shows a right of action in Hadley, his grantor, and the immediate covenantee of the covenants sued upon.   So far as the evidence tends to prove any right of action upon the defendant's covenants, it shows a right in Hadley, and not in the plaintiff.   The covenant against incumbrances was broken, if at all, when it was made.   For that reason, that covenant does not run with the land.

The occupation of the land by the drain, upon which the plaintiff relies to prove a breach of the covenant of warranty, if it were sufficient to prove a breach of the defendant's covenant, would show that it was broken when made; for the occupation was the same then that it has been ever since, and there has been no assertion of the paramount right, and no disturbance of, or detriment to, the enjoyment of the premises except what existed at that time.   Whether the covenant of warranty can be thus broken, and whether the evidence tends to show any breach of that covenant, we need not consider.   If the facts relied on by the plaintiff are sufficient to show that the defendant's covenant of warranty was broken, they show that it was broken before the plaintiff took his deed, and that the right of action for such breach is in Hadley, the immediate covenantee, and not in the plaintiff.   The ruling of the court that the plaintiff could not recover on the covenant against incumbrances was correct;

the ruling that the action could be maintained upon the covenant of warranty was wrong.

Evidence that the plaintiff's grantor knew, when she took her deed, of the existence of the drain, was properly excluded.

*Judgment for the defendant.*

*D. S. Richardson & G. F. Richardson,* (*J. Ladd* with them,) for the plaintiff.

*F. W. Qua,* for the defendant.