ROBERT S. COLEMAN, RESPONDENT, *v.* MICHAEL BRESNAHAM, APPELLANT.

*Covenant against acts done or suffered by the grantor — right of the grantee, as against his grantor claiming possession, under a purchase made at a sale under a judgment against such grantor — conveyance to husband and wife — rights acquired under a sale under execution of the husband's interest.*

In an action of ejectment to recover land, which the defendant was admitted to be in possession of, the plaintiff claimed title under a deed executed by the defendant and his wife to William Coleman, dated August 2, 1880, at the date of which deed the defendant and his wife were seized of the premises in entirety by virtue of a deed to both of them. William Coleman died April 1, 1881, and under his will and a conveyance from his widow plaintiff succeeded to his title.

The deed given by defendant and wife to William Coleman contained no covenants of warranty of title, but did contain a covenant that the grantors, the defendant and his wife, or "either of them, have not made, done, committed, executed or suffered any act, or acts, thing or things whatsoever, whereby, or by means whereof, the above mentioned or described premises, or any part or parcel thereof, now are, or at any time hereafter shall or may be, impeached, charged or incumbered in any manner or way whatsoever," except in respect to two mortgages not material to the present issue.

Prior to the time of the execution of this deed a judgment had been recovered against the defendant by Peck and Byrne, which was a general lien on the premises at the time of the execution and delivery of the deed. Under an execution issued upon this judgment in 1883, the sheriff sold the defendant's interest in the premises to Peck and Byrne, who, on September 8, 1884, gave a deed thereof to the defendant, who claimed title thereunder in this action.

*Held,* that as the defendant and his wife were both seized of the entirety of the premises, the husband was, at the time of the creation of the judgment lien, vested with the right to occupy and enjoy the profits of the land so owned during the joint lives of both husband and wife.

That the sheriff's deed conveyed to Peck and Byrne the right to the possession of the land so long as the husband should live, and that the subsequent deed of Peck and Byrne's conveyed to the husband whatever title they had.

The defendant claimed that the covenant against incumbrances was not a warranty of title upon the ground that the covenant contained in the deed was a personal one, not running with the land, broken, if at all, the instant it was made and giving to the covenantee a right of action which was not assignable and did not pass to the grantee or devisee of the covenantee, and that such grantee or devisee could not maintain an action upon it.

*Held*, that since the passage of section 1910 of the Code of Civil Procedure, making such right of action assignable, a disposition had been shown to repudiate the ancient rule and to permit the grantee of the covenantee, if he suffers from a breach thereof, to resort to the covenant for protection and redress.

That unless the plaintiff was entitled to the benefit of the covenant it was practically good for nothing, and that equity, for the advancement of justice, repudiates the distinction between covenants which do and those which do not run with the land.

That the covenant was with the grantee, "his heirs and assigns," and that this showed that the intention of the parties was prospective and beneficial to William Coleman's privies in estate.

*Phœnix Insurance Company* v. *Continental Insurance Company* (87 N. Y., 400) followed.

That the defendant was estopped to assert against the plaintiff any title in himself based upon the judgment.

APPEAL by the defendant from a judgment entered upon a verdict directed by the court in favor of the plaintiff at the Washington County Circuit, entered in the office of the clerk of Washington county on the 12th day of February, 1889.

*James C. Rogers*, for the appellant.

*Young & Kellogg*, for the respondent.

LANDON, J.:

The action is ejectment to recover ten and one-half acres of land of which the defendant admits he is in possession. The plaintiff claims title under a deed from the defendant and his wife to William Coleman, dated August 2, 1880. At the date of the execution of this deed the defendant and his wife were seized of the premises in entirety by virtue of a deed to both of them, as husband and wife. William Coleman died April 1, 1881, and under his will and a conveyance from his widow, the plaintiff has succeeded to the title of William Coleman. The plaintiff is entitled to recover, unless a defense under the facts, now to be stated, is established. The deed given by defendant and wife to William Coleman contained no

covenants of warranty of title, but did contain a covenant that the grantors, the defendant and his wife, "nor either of them, have not made, done, committed, executed or suffered any act, or acts, thing or things whatsoever, whereby or by means whereof the above mentioned or described premises, or any part or parcel thereof now are or at any time hereafter shall or may be impeached, charged or incumbered in any manner or way whatsoever," except with respect to two mortgages not material to the present issue. There was then existing a judgment against this defendant in favor of Peck and Byrne, which was a general lien upon his interest in the premises. Peck and Byrne subsequently caused execution to be issued upon the judgment, and under it the sheriff duly sold the defendant's interest in the premises to Peck and Byrne, and on November 1, 1883, he gave them a deed thereof. On September 8, 1884, Peck and Byrne gave a deed of the same premises to the defendant. The defendant claims title under the latter deed. The trial court held that he was estopped by his covenant in the deed to William Coleman to assert a title under a judgment which he, in effect, had covenanted did not exist.

As the defendant and his wife were both seized of the entirety of the premises, the husband was vested with the right to occupy and enjoy the profits of the land as owner, during the joint lives of both husband and wife, at the time that the lien of Peck and Byrne's judgment against the husband attached, and hence the sheriff's deed under the execution upon that judgment conveyed to Peck and Byrne the right to the possession of the premises so long as the husband should live. (*Beach* v. *Hollister*, 3 Hun, 519; *Bertles* v. *Nunan*, 92 N. Y., 152; *Zorntlein* v. *Bram*, 100 id., 12; *Bram* v. *Bram*, 34 Hun, 487.) Peck and Byrne's subsequent deed to defendant conveyed to him whatever title they had. The defendant thus made good his defense, unless he is estopped by the covenant in the deed to William Coleman. This covenant is against incumbrances, not of warranty of title. Under the law as it formerly was understood this covenant was a personal one, not running with the land, but broken the instant it was made, thus vesting in the covenantee a chose in action which was not assignable, and, therefore, did not pass to his grantee or devisee; the grantee could maintain no action upon it, and could not assert it by way of estoppel,

since he had acquired no interest in it. (2 Kent's Com., 471; *Greenby* v. *Wilcocks*, 2 Johns., 1; *Hamilton* v. *Wilson*, 4 Johns., 72; 2 Wait's Ac. and Def., 380.)

The injustice of this rule was pointed out by LIVINGSTON, J., in *Greenby* v. *Wilcocks*, and by WILDE, J., in *Sprague* v. *Baker* (17 Mass., 589). BULLER, J., in *Master* v. *Miller* (4 D. & E., 340), thought it very questionable. The rule has recently been reaffirmed in Massachusetts (*Ladd* v. *Noyes*, 137 Mass., 151), and in Virginia (*Marbury* v. *Thornton*, 1 S. E. Rep., 909). Since the statute has made such choses in action assignable (Code Civil Pro., § 1910 [old Code § 111]), a disposition has been shown to repudiate the ancient rule, and to permit the grantee or devisee of the covenantee, if he suffers from the breach of the covenant, to resort to the covenant for protection and redress. (*Boyd* v. *Belmont*, 58 How. Pr., 513; *Ernst* v. *Parsons*, 54 id., 163; *Andrews* v. *Appel*, 22 Hun, 429; *Colby* v. *Osgood*, 29 Barb., 339.)

The present case illustrates the injustice of the former rule. Although the covenant was broken the instant the deed was given, William Coleman the grantee suffered only nominal damages and could have recovered no more. (*Delavergne* v. *Norris*, 7 Johns., 358.) The real damage was done, if at all, when Peck and Byrne sold the land under their judgment, that is, after the title became vested in the plaintiff. If William Coleman's executors had brought an action they could not have recovered any more than their testator could. Unless the plaintiff takes the benefit of the covenant, it is practically good for nothing. Equity for the purposes of justice repudiates the distinction between covenants which do and do not run with the land. (*Trustees* v. *Lynch*, 70 N. Y., 440, 449.) The covenant was with the grantee "his heirs and assigns," thus, in the intention of the parties, being prospective and beneficial to William Coleman's privies in estate. (*Phœnix Ins. Co.* v. *Continental Ins. Co.*, 87 N. Y., 400.)

It may be true that no part of the cause of action for the nominal damages recoverable by William Coleman for covenant broken descended to the plaintiff, but the plaintiff is within the meaning of the "heirs and assigns" with whom the defendant also covenanted, and is the only person whom the convenant can protect or a breach of it injure. We think the plaintiff can avail himself of the covenant.

It follows that the defendant is estopped to assert against the plaintiff any title in himself based upon the judgment. (*Holcomb* v. *Holcomb*, 2 Barb., 20; *Sparrow* v. *Kingman*, 1 N. Y., 242.)

It is suggested that estoppel may avail to prevent the defendant from asserting title in himself, but as the plaintiff must recover upon the strength of his own title, and the fact being that Peck and Byrnes divested him of it by the paramount force of their judgment, estoppel cannot revest title in him. The contest is now solely between plaintiff and defendant. The defendant is estopped to avail himself of any advantage under that judgment to the prejudice of plaintiff. Peck and Byrne's title rests upon that judgment; the defendant cannot allege that such a judgment ever existed; he cannot allege title in Peck and Byrnes without alleging the judgment; he is, therefore, silenced with respect to that title, and hence has and can make no defense to the plaintiff's title. Unless the estoppel has this effect, it is not an estoppel. We have examined the other questions presented and think they were correctly disposed of by the trial court.

The judgment should be affirmed, with costs.

LEARNED, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.