ANNA GROSSER, APPELLANT, v. THE CITY OF ROCHES-
TER AND NICHOLAS L. BRAYER, RESPONDENTS, IMPLEADED
WITH GEORGE GROSSER, DEFENDANT.

*Tenants by the entirety — proceedings by eminent domain against the husband alone —
right of the wife to an injunction.*

In an action brought to restrain the city of Rochester and its contractor from
constructing a sewer across a lot, it appeared that the plaintiff and the defend-
ant George Grosser, husband and wife, were tenants of said premises by the
entirety; that the city had taken proceedings to condemn a right of way for
said sewer against the husband alone; that these proceedings were regular as to
him, and that the award had been paid into court; that the city then let a con-
tract to build the sewer to the defendant Brayer.

*Held,* that the proceedings against the husband did not affect the rights of the wife.
That as, upon his death, she would become the absolute owner of the lot, and as
her interest therein might in the meantime be seriously impaired, should the
work of construction of the sewer proceed, an action by her to enjoin the con-
struction of the sewer was not premature, and could be maintained.

APPEAL by the plaintiff Anna Grosser from a judgment, entered
in the clerk's office of the county of Monroe on the 3d day of
January, 1891, in favor of the defendants for costs, dismissing the
plaintiff's complaint upon the merits and vacating an injunction
granted *pendente lite,* after a trial before a referee.

*T. D. Wilkin,* for the appellant.

*H. J. Sullivan,* for the respondents.

DWIGHT, P. J.:

The action was brought to restrain the city and its contractor
from constructing a sewer across a city lot belonging to the plaintiff
and her husband, George Grosser, the latter of whom was made a
party defendant after having declined to unite with the plaintiff in
bringing the action. The lot was conveyed to the plaintiff and her
husband jointly, and was occupied by them as a residence. The
city of Rochester took proceedings to condemn a right of way for
a sewer across the lot and gave the required notice to the husband
alone, and not to the plaintiff. The proceeding was in all respects
regular as against the husband, damages were assessed and the

money was paid into court. The city then let a contract for building the sewer to the defendant Brayer, and he was joined with the city as defendant in the action.

We agree with the learned referee, and for the reasons well-stated by him in his opinion, that service of the notice on the husband and his appearance in the proceeding did not make the wife a party thereto nor bind her interest in the property, and, therefore, that as against her the city acquired no right in the premises; but we cannot agree with him that she had no rights in the premises which were liable to be injuriously affected by the building of the sewer under the proceedings actually had.

It is true that under the doctrine of *Bertles* v. *Nunan*, during the joint lives of the husband and wife the husband has the right to the exclusive benefit, use, possession and control of the land and may take all the profits thereof; and may mortgage or convey an estate to continue during the joint lives; but he may not make any disposition of the land that would prejudice the right of the wife in case she should survive him. (*Bertles* v. *Nunan*, 92 N. Y., 156; *Coleman* v. *Bresnaham*, 54 Hun, 619.) The husband, therefore, might have granted the right of way during the joint lives, with provisions against a permanent injury to the freehold; and whatever he might grant, the city might acquire from him by condemnation proceedings to which he alone was made a party. But this is not what has been done in this case. Here the city has proceeded against the husband as the sole owner of the title to acquire a perpetual easement in the land, which includes the right for all time to maintain the sewer and to enter upon the property to repair and renew it. All these rights the city has already acquired on the face of the record, and its counsel is contending here that it has in fact acquired them against the plaintiff by the proceeding against her husband. The learned referee, while holding the contrary, suggests, in substance, that it will be time for her to contest the claim of the city when her title shall become absolute by survivorship. But suppose the sewer is built and put to its proper use of draining a large and populous section of the city, and then her husband dies. How shall she proceed to assert and enforce her rights? If the city decline to recognize them, shall she tear up or cut off the sewer, or, as the referee suggests, restrain the city from its use; and in

either case with how much more of inconvenience and expense than if she had taken her remedy when those rights were only threatened with invasion. Or suppose the husband dies when the work is only fairly under way, with her lot divided by an excavation and the earth or rock which has been thrown out of it. Her title has now become sole and absolute and the city has no right to proceed a step further with the work. But they have paid for the damage so far done in the award made to the husband, and if the plaintiff stop the work where it is, she may restore her lot to its proper condition at her own expense.

It seems very clear that the plaintiff has rights by virtue of her joint tenancy which are liable to be seriously impaired by the action which the defendants are about to take.

We think the learned referee erred in the latter of his conclusions above-mentioned, and that the plaintiff, upon the facts appearing by the record, was entitled to the restraining process of the court to prevent the prosecution of the work on the plaintiff's property until they have acquired the right as against her.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Macomber, J., concurred.

Judgment appealed from reversed and a new trial granted, with costs to the appellant to abide the event.