of the lighting of the gas. Tenants were not allowed to light it. It was kept locked. The janitor had the key. I had gone down these stairs and reached almost to the turn in the last flight, and was about 12 steps from the bottom of the stairway, when my right foot stepped upon something on the stairway, and I fell, and only that I held on to the banisters I would have fallen down. I felt that it was a piece of wood that I stepped on, but did not see it until after the janitor had lit the gas. He came around right after the accident, and lighted it. I was holding the banister with my right hand and was going down carefully, because it was so dark."

As soon as the injured woman had told the story of the accident, the trial judge advised counsel that without other evidence of negligence there could be no recovery. It being conceded that the plaintiff could not show other negligent acts, whether of omission or commission, the plaintiff rested, whereupon his complaint was dismissed.

The stick of wood carelessly left upon the stairs caused the plaintiff's wife to fall. The evidence, however, does not even suggest that the defendant is responsible for its presence there. But, urges his counsel, although defendant was not responsible for the presence of the stick of wood on the stairs, and Mrs. Gorman would not have fallen had she not stepped on it, still she could have seen it, and avoided it, had the gas in the hall been lighted. True, but the presence of a stick of wood on the stairway was not a probable danger against which the owner was called on to protect his tenants by lighting the gas. The appellant is, therefore, driven to make the claim that a landlord is negligent under all circumstances who fails to keep the halls and stairways of his tenement houses lighted. But in this state the law is settled otherwise. Halpin v. Townsend, 2 City Ct. R. 417, affirmed 107 N. Y. 683, 14 N. E. 611; Muller v. Minken, 5 Misc. Rep. 444, 26 N. Y. Supp. 801; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580; Jucht v. Behrens (City Ct. Brook.) 7 N. Y. Supp. 195. The Hilsenbeck Case was decided after O'Sullivan v. Norwood, 14 Daly, 286, which goes further in the direction of appellant's contention than any case we have found in this state. Indeed, it may be said that it stands quite alone in the position taken by it. But even that case does not assert that the mere failure to light a hall and stairway constitutes negligence. In that case a part of the stairway was lighted from the street, while the lower step of the second flight was so obscured in darkness as to have induced the plaintiff to believe that there were no more steps. This proved a mistake, and the result was a fall, an injury, and a recovery by the plaintiff.

The judgment should be affirmed, with costs. All concur.

---

(19 App. Div. 314.)

SEVENTY–THIRD ST. BLDG. CO. v. JENCKS.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

BREACH OF COVENANT—DAMAGES.

    If a grantee of real property can maintain an action upon a covenant against incumbrances contained in the deed by which the premises were conveyed to his grantor (as to which, quære), he cannot recover more than nominal damages if he has not been disturbed in his possession, and has not paid a mortgage or other money lien on the land.

Appeal from special term.

Action by the Seventy-Third Street Building Company against Francis M. Jencks. From judgment awarding nominal damages for breach of covenants against incumbrance, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

A. G. N. Vermilya, for appellant.

Ernest Hall, for respondent.

INGRAHAM, J. Assuming that the decision overruling the demurrer is conclusive upon the right of the plaintiff to recover in this action, and that upon this appeal we cannot determine the question of the right of the plaintiff as a grantee of the property which was conveyed to its grantor by the deed which contained the covenant, we think that the court below was clearly right in holding that the plaintiff was entitled to nominal damages only. The covenant in question was a covenant against incumbrances, and there can be no doubt but that there was a breach of that covenant. That covenant, however, is of such a nature that, if there was a breach, such breach must have existed immediately upon the execution and delivery of the deed. When the deed was delivered, there was either an incumbrance upon the land in violation of such covenant, or there was not. If there was, then there was a breach of the covenant, and a cause of action immediately arose in favor of the grantee in the deed. It is not apparent to me upon what principle a person who was a subsequent grantee of the property to which the covenant related, which was broken when the original deed was delivered, can sue to enforce the covenant. Immediately upon the covenant being broken, a right of action vested in the grantee in the deed which contained the covenant, and that right of action could be enforced against the defendant. When the grantee in that deed came to sell the property, if it appeared that in consequence of this incumbrance he received a less price than he would have received if the incumbrance had not existed, he could have recovered as damages the difference between the price that he actually realized and what he would have realized if there had been no incumbrance upon the property. That, as I understand it, was distinctly held in the case of McGuckin v. Milbank, 152 N. Y. 302, 46 N. E. 490. How, then, can the purchaser from such a grantee also sue to recover for the damages that he has sustained because of an incumbrance upon the property which a former owner had covenanted with some one else was not on the property? There was certainly no privity of contract between the parties, and a covenant against incumbrances has never been held to run with the land. This was held in the case of McGuckin v. Milbank, supra, where the court say: "The plaintiff, upon the proofs, was not bound to indemnify his grantee, and the benefit of the covenant did not pass to them by the conveyances from the plaintiff." Assuming, however, that the plaintiff in this case stood in the shoes of his grantor

as entitled to enforce this covenant, still the measure of damages for a violation of such covenant would not justify a recovery for any of the items of damage claimed by the plaintiff. The measure of damages in such a case is stated by the court of appeals in the case of McGuckin v. Milbank, supra, as follows: "It is the general rule that a grantee under a deed containing a covenant against incumbrances, who has not been disturbed in his possession, and who has not paid the mortgage or other money lien on the land, is not entitled, in an action for the breach of the covenant, to recover more than nominal damages." Now, this plaintiff has not paid any incumbrance upon this land. He was not disturbed in its possession, and therefore, under this rule as stated, he was not entitled to recover more than nominal damages. In this case, as in the McGuckin-Milbank Case, the plaintiff neither paid the claim nor was he evicted under it, and upon no principle would he be entitled to recover more than nominal damages.

We think, therefore, that the decision of the court below was clearly right, and must be affirmed, with costs. All concur.