(21 App. Div. 174.)

## CLARKE v. PRIEST et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1897.)

**1. COVENANT AGAINST INCUMBRANCES—ASSIGNMENT.**

Wherever a covenantee under a covenant against incumbrances has, on an alienation of the property by him, either rendered himself liable to his grantee by a covenant against incumbrances, or, by his conveyance, estopped himself from asserting title to the incumbrance as against his grantee in case he should afterwards acquire it, then his deed operates as an assignment of his claim against his grantor, arising out of breach of the original covenant.

**2. SAME—RIGHTS OF SUBSEQUENT GRANTEE.**

A covenant for further assurance runs with the land, and operates to carry with it, for the benefit of subsequent grantees, the original covenant against incumbrances.

Appeal from trial term, Kings county.

Action by William W. Clarke against Eunice K. Priest and others, executors of the estate of Elvira Russell, to recover damages for breach of covenant. From an order (42 N. Y. Supp. 766) refusing to set aside the verdict and grant a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Francis B. Chedsey, for appellants.
Joseph N. Tuttle, for respondent.

WILLARD BARTLETT, J. On January 27, 1892, Elvira Russell conveyed certain land in Kings county to Henry L. Brown and Southard Brown, by a deed containing a covenant of seisin, a covenant for quiet enjoyment, a covenant against incumbrances, a covenant for further assurance, and a covenant of warranty. The covenant against incumbrances was "that the said premises are free from incumbrances, excepting a mortgage of five thousand dollars, now a lien there-

on." As matter of fact, the $5,000 mortgage thus mentioned was not the only incumbrance on the property. There was a lien for taxes. originally amounting to $135.52, on November 15, 1889, the date when said taxes were confirmed. On May 20, 1892, Henry L. Brown conveyed all his interest in the premises to Southard Brown, his co-tenant, under the conveyance from Elvira Russell, by a quitclaim deed which contained no covenants. By subsequent conveyances, each containing a covenant against incumbrances in the same words as the covenant in the deed from Elvira Russell to the Browns, the title became vested in one Minnie Brown, who, on March 8, 1894, paid the above-mentioned tax, which at that time amounted to $187.53. Minnie Brown has assigned to the plaintiff whatever claim accrued in her behalf and against Elvira Russell by reason of the payment of the tax; and in the present suit the plaintiff, as Minnie Brown's assignee, has recovered a judgment against the personal representatives of Elvira Russell for the amount thus paid to relieve the premises from the tax lien.

A covenant is said to run with the land when such covenant, given by a prior owner, inures to the benefit of the subsequent owners in the chain of title. Until breach, all covenants for title run with the land. Under the common-law doctrine of covenants, according to the weight of American authority, the covenant of seisin, the covenant of right to convey, and probably the covenant against incumbrances, if broken at all, are deemed to be broken as soon as made, and therefore are regarded as covenants which do not run with the land; while the covenant of warranty and the covenant for quiet enjoyment refer to the future, and hence run with the land. In Vermont, however, the covenant against incumbrances has been expressly held to run with the land, and to be enforceable for the benefit of the party holding the legal title, and this without any legislation relating to the assignability of choses in action (Cole v. Kimball, 52 Vt. 639); while in a number of other states, including New York, where there has been such legislation, it has been deemed effective to confer upon a remote grantee the right to sue upon a covenant against incumbrances given to his predecessor in title (Boyd v. Belmont, 58 How. Prac. 513; Andrews v. Appel, 22 Hun, 429; Coleman v. Bresnaham, 54 Hun, 619, 8 N. Y. Supp. 158). The learned trial judge in the present case recognized the common-law rule to be, as stated by Chancellor Kent, that a covenant against incumbrances did not run with the land, but held that the reason of the rule no longer exists, and, therefore, that the rule should be abandoned. That reason was that, if the covenant against incumbrances was not true, it was broken as soon as made, and upon breach it became a mere chose in action, which was not assignable at common law. Choses of action, however, now pass freely by assignment in this state; and the change accomplished by legislation in this respect was regarded in the court below as having reversed the rule in question, so that now a covenant against incumbrances is to be deemed not simply a personal covenant, but a covenant running with the land. This view is sanctioned by the New York decisions above cited.

In Boyd v. Belmont, 58 How. Prac. 513, Chief Judge Charles P. Daly, of the New York court of common pleas, explicitly declared that the rule that a covenant against incumbrances does not pass to a subsequent purchaser of the land was no longer the law in this state, because the difficulty which led to the adoption of a rule so technical and so unjust in its practical operation no longer existed here. "The covenant against incumbrances," he said, "now that the objection that choses in action are not assignable no longer exists, necessarily passes to the person to whom the land is conveyed, together with the land, because, if there be an incumbrance, it affects the value of the land, and, to the extent of the incumbrance, impairs the title." This was only a special term decision, but it was made by a learned and distinguished judge.

In Andrews v. Appel, 22 Hun, 429, the general term of the Fourth department upheld the right of a remote grantee to maintain an action for the breach of a covenant against incumbrances, holding that the objection which existed at common law that a covenant or chose in action was not assignable had been obviated by modern legislation in this state. And to the same effect is the decision of the general term of the Third department in Coleman v. Bresnaham, 54 Hun, 619, 8 N. Y. Supp. 158, in which Landon, J., speaking for the court, says:

"Since the statute has made such choses in action assignable, a disposition has been shown to repudiate the ancient rule, and to permit the grantee or devisee of the covenantee, if he suffers from the breach of the covenant, to resort to the covenant for protection and redress."

In support of the technical rule, the appellants appear to rely largely upon the much-litigated case of Mygatt v. Coe, 124 N. Y. 212, 26 N. E. 611; Id., 142 N. Y. 78, 36 N. E. 870; Id., 147 N. Y. 456, 42 N. E. 17; Id., 152 N. Y. 457, 46 N. E. 949. The law there laid down by the majority of the judges of the Second division of the court of appeals, while adopted on the subsequent reviews, was evidently only so adopted because the questions arose between the same parties in the same action. On the second appeal there was a distinct declaration, however, that the court reserved its freedom of thought and action when the case should become a precedent only, and this reservation was repeated in the opinion delivered on the third appeal, where Judge O'Brien said:

"The distinction between personal covenants in deeds and those which run with the land was made at a time when, by the common law, choses in action were not assignable, and this circumstance, doubtless, was an element in the process of reasoning through which the rule was established. Since choses in action are now assignable, it may well be doubted whether the reason of the rule still exists in all its force."

This intimation seems to me to leave the question open for determination in this case, unaffected by anything actually decided in the Mygatt Case; and, if so, I think we ought to follow the general term decisions already cited. It is true, they are in conflict with the opinion of the appellate division in the First department, as recently expressed in the case of Building Co. v. Jencks, 19 App. Div. 314, 46 N. Y. Supp. 2, where Ingraham, J., says that a covenant against incumbrances has never been held to run with the land,

and quotes a sentence from McGuckin v. Milbank, 152 N. Y. 297, 46 N. E. 490, to the effect that the benefit of the covenant against incumbrances, there under consideration, did not pass to the plaintiff's grantees by the conveyances from the plaintiff. This incidental remark in the latter case, however, should not be deemed controlling, as no issue was presented demanding a determination of the question whether the plaintiff's grantees were entitled to the benefit of the covenant or not. The main proposition therein discussed and decided was that a covenantee in undisturbed possession of the premises will be restricted to the recovery of nominal damages for the breach of a covenant against incumbrances by reason of the existence of an outstanding mortgage, unless he has paid off the incumbrance. In view of the expression of doubt already mentioned in Mygatt v. Coe, 147 N. Y. 456, 42 N. E. 17, as to the effect of the assignability of choses in action upon the distinction between personal covenants and those which run with the land, I do not believe the passage quoted from McGuckin v. Milbank, supra, was intended to be decisive of the question which is presented in this case.

Apart from authority, there is weighty legal reasoning leading to the same result, such as may be found in the opinion of Mr. Justice Cooley in Post v. Campau, 42 Mich. 90, 3 N. W. 272, where he discusses the character and effect of the covenant against incumbrances, and uses this language:

"A covenant may be said to run with the land when its purpose is to give future protection to the title which the deed containing the covenant undertook to convey, and it does not run with the land when its whole force is spent in giving assurance against something which immediately affects the title, and causes present damage. Tested by this rule, a covenant against an incumbrance which consists in a right of way would not run with the land; but a covenant against a money charge must attach itself to the title, and accompany it, not only for the protection of the covenantee, but for the protection of any of his assigns whom the incumbrance may eventually damnify."

The case was decided on other grounds, so that this statement of the law was not adopted by the court; but it is nevertheless instructive, as the view of an eminent lawyer, which has been sanctioned by decisions of the tribunals of last resort in a number of Western states. To my own mind, if the question were an open one, it would be more satisfactory to regard the covenant against incumbrances as, in substance and effect, an undertaking that the possessor should never be damnified by reason of any incumbrances thereon existing at the time of the conveyance. Thus regarded, there would be no breach until there was a disturbance of possession, or until the owner had paid off the incumbrance; and, until there was a breach, the covenant would run with the land. This view would be most in harmony with the rule affirmed in the McGuckin Case, which denies any real redress for a false covenant against incumbrances until possession has been interfered with or money has been paid out.

But the great difficulty in treating the covenant as running with the land arises, not from the mere rule that choses in action were not assignable at common law, but from the fact that successive

holders of the title may have different and separate interests in the enforcement of the covenant. Of the covenants of warranty and quiet enjoyment there is no breach until eviction, and hence no cause of action can arise until that time. There is therefore no conflict of interest between successive holders of the title. An earlier grantee of the land, who has parted with his title, cannot recover against his covenantor until himself compelled to respond on his own covenants to his grantee. Withy v. Mumford, 5 Cow. 137; Rawle, Cov. § 215. If no cause of action arose in case of a violation of a covenant against incumbrances by the existence of a mortgage, tax, or other pecuniary charge until payment, or even if, until such payment, the covenantee could recover in all cases only nominal damages, it would not create any serious difficulty to consider the covenant as running with the land; but if the covenantee may recover as damages the loss or injury he may sustain on a sale of the premises, without an actual discharge of the incumbrance, as intimated in McGuckin v. Milbank, 152 N. Y. 297, 46 N. E. 490, Funk v. Voneida, 11 Serg. & R. 109, and Haire v. Baker, 5 N. Y. 361, it is impossible that the covenant should inure to the benefit of a grantee on such sale. Still, however that question may be finally decided, I think the principle can well be supported that wherever a covenantee under a covenant against incumbrances has, on an alienation of property by him, either rendered himself liable to his grantee by a covenant against incumbrances, or, by his conveyance, estopped himself from asserting title to the incumbrance as against his grantee in case he should afterwards acquire it, then his deed should be held to operate as an assignment of his claim against his grantor.

This view of the case at bar leads to an affirmance of the judgment. The covenant for further assurance, which was clearly prospective, and ran with the land, operated to carry with it, for the benefit of subsequent grantees, the covenant against incumbrances. Such was the doctrine enforced in Colby v. Osgood, 29 Barb. 339, and Ernst v. Parsons, 54 How. Prac. 163. It is true, the complaint says nothing about the covenant; but it was proved without objection, and it may be considered, if necessary, to support the judgment. There was also a covenant for quiet enjoyment in the deed, and there is a suggestion in Andrews v. Appel, supra, that, when this is coupled with a covenant against incumbrances, both may be construed as running with the land, or, in our view, at least, as operating as an assignment of the latter covenant.

The judgment should be affirmed. All concur.