### GEISZLER v. DE GRAAF et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

COVENANT AGAINST INCUMBRANCES—BREACH OF COVENANT—CHOSE IN ACTION —ASSIGNMENT.

Testator conveyed land to K., with covenant against incumbrances, and an incumbrance existed. K. conveyed the land to B., expressly subject to the incumbrance, and B. conveyed to plaintiff, with covenant against incumbrances. Held that, the covenant having been broken immediately on the deed from testator, K.'s claim for the breach, being a chose in action, was not transferred to B., since he took subject to the incumbrance, and hence the plaintiff, taking from B., had no right against testator's estate.

Appeal from trial term, New York county.

Action by Martin Geiszler against Amanda De Graaf and another, as executors of Henry P. De Graaf, for breach of covenant. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George C. Lay, for appellants.

Frank L. Holt, for respondent.

PATTERSON, J. The defendants, as executrix and executor of the last will and testament of Henry P. De Graaf, deceased, were sued for the breach of a covenant against incumbrances contained in a deed by which certain premises in the city of New York were conveyed to one Diedrich Knabe, who subsequently conveyed the same premises to one John J. Brierly, who was the plaintiff's immediate grantor. In De Graaf's deed to Knabe it was covenanted "that the premises are free from incumbrances." In Knabe's deed to Brierly the premises were conveyed subject to a certain indenture of mortgage for $2,500, which the grantee assumed and agreed to pay, and also to an assessment for flagging and curbing Forest avenue, amounting to $224. This assessment is the incumbrance referred to. It was paid by the plaintiff. In the deed to him there is a covenant in the same words as that contained in the deed from De Graaf to Knabe, namely, that the same are free from incumbrances. Thus we have the facts that the defendants' testator, De Graaf, made a covenant against the incumbrance; that it was an enforceable covenant by Knabe; that Brierly took title subject to the incumbrance; and that it was still outstanding, as a lien of record on the property, when the plaintiff took title, and that it was actually paid by this plaintiff.

The fundamental ground upon which the plaintiff reposes his right of action is that De Graaf's covenant against incumbrances ran with the land, and is enforceable by any grantee of the premises whose title is derived mediately or immediately from De Graaf, upon its being shown that the party suing discharged the incumbrance. On the question of the nature of the covenant as one running with the land, there is an apparent conflict between the appellate division of the supreme court in the First department and the appellate division in the Second department. In the case of Seventy-Third St. Bldg. Co. v. Jencks, 19 App. Div. 314, 46 N. Y. Supp. 2, the nature of such a covenant was considered, and it was stated in the opinion of the court that the covenant against incumbrances did not run with the land. It is also there stated that it has never been decided that such a covenant runs with the land, which is an inaccuracy of statement; the writer of the opinion evidently meaning, as the context shows, that it had never been so decided by ultimate authority in this state. In Clarke v. Priest, 21 App. Div. 174, 47 N. Y. Supp. 489, the contrary view was taken, and the authorities in support of it were considered and discussed, and the opinion of this court in Seventy-Third St. Bldg. Co. Case was criticised. It would serve no useful purpose to renew the discussion upon this point at the present time; for we are of the opinion that, even if the covenant did run with the land, the facts established in this case preclude a recovery by the plaintiff on the covenant contained in De Graaf's deed. That a cause of action for the breach of such a covenant was not assignable at common law cannot be disputed. The incumbrance existing, the covenant was

broken immediately the deed was made. There remained, therefore, a mere chose in action; but now, such choses in action being assignable, the plaintiff, it is claimed, can enforce the covenant by virtue of such right of action passing to him as the assignee of Brierly, and that seems to be the ground upon which a right of recovery is based by the decision in Clarke v. Priest. But here Brierly had nothing to assign, because he took the property expressly subject to the incumbrance, and therefore could not have recovered for the breach of that covenant against his grantor. Before the Revised Statutes a covenant of Brierly to pay the assessment would have been implied, but implied covenants in deeds are now prohibited. Brierly could not have sued De Graaf, and that disability operates against those in privity of title with him. An action on the covenant was cut off, and whether it may be called an estoppel or not is of no consequence. The effect of Knabe's conveyance to Brierly, subject to the assessment, was to discharge the covenant as one enforceable against Knabe and his predecessors in title.

For this reason we think the judgment was wrong, and that it should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.