MARY GEISZLER, Appellant, v. AMANDA M. DE GRAAF et al., as Executors of HENRY P. DE GRAAF, Deceased, Respondents, Impleaded with Another.

1. COVENANT AGAINST INCUMBRANCES INURES TO BENEFIT OF REMOTE GRANTEE. A covenant against incumbrances attaches to and runs with the land and passes to a remote grantee through the line of conveyances whether there is a nominal breach or not when the deed is delivered.

2. EFFECT OF CONVEYANCE TO INTERMEDIATE GRANTEE SUBJECT TO ASSESSMENT. Where the original deed of land incumbered by a local assessment contains a covenant against incumbrances, its subsequent conveyance subject to the assessment breaks the continuity of the covenant and extinguishes its benefits, and a subsequent grantee who acquires title under a deed containing such a covenant, cannot recover upon it in an action against the original grantor.

*Geiszler* v. *De Graaf*, 44 App. Div. 178, affirmed.

(Argued February 15, 1901; decided March 26, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 17, 1899, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank L. Holt* and *Isaac N. Miller* for appellant. Covenants against incumbrances run with the land. (*Clarke* v. *Priest*, 18 Misc. Rep. 501; 21 App. Div. 174; *Coleman* v. *Bresnaham*, 54 Hun, 619; *Boyd* v. *Belmont*, 58 How. Pr. 513; *Ernst* v. *Parsons*, 54 How. Pr. 163; *Andrews* v. *Appel*, 22 Hun, 429; *Colby* v. *Osgood*, 29 Barb. 339; Rawle on Cov. [5th ed.] § 212; *Roberts* v. *Levy*, 3 Abb. Pr. [N. S.] 311; *Kingdon* v. *Nottle*, 1 M. & S. 355; 4 M. & S. 53; *King* v. *Jones*, 5 Taunt, 418.) Covenants which run with the land will pass to the grantee by any conveyance which is sufficient to transfer the title. (8 Am. & Eng. Ency. of Law [2d ed.], 145, 146; *Boyd* v. *Belmont*, 58 How. Pr. 513;

*Beddoe* v. *Wadsworth,* 21 Wend. 120; *Duffy* v. *N. Y. R. R. Co.,* 2 Hilt. 496; *Colby* v. *Osgood,* 29 Barb. 339; *Mygatt* v. *Coe,* 152 N. Y. 468; *Town* v. *Needham,* 3 Paige, 546; *Jenks* v. *Quinn,* 137 N. Y. 223; *Kellogg* v. *Wood,* 4 Paige, 578; *Hodges* v. *Saunders,* 34 Mass. 470.) The exception by Knabe, in his deed to Brierly, of the incumbrance from the operation of his covenants does not prevent the plaintiff from suing the defendants upon De Graaf's covenants. (*Stebbins* v. *Hall,* 29 Barb. 524; *Belmont* v. *Coman,* 22 N. Y. 438; *Dingeldein* v. *T. A. R. R. Co.,* 37 N. Y. 575; *Tillotson* v. *Boyd,* 4 Sandf. 516; *Murray* v. *Smith,* 1 Duer, 412; *E. L. Assur. Soc.* v. *Bostwick,* 100 N. Y. 628; *Smith* v. *Cornell,* 111 N. Y. 557; Rawle on Cov. [5th ed.] 115.)

*George C. Lay* for respondents. The plaintiff, as a remote covenantee, stands in no better position than his grantor, Brierly, who accepted a conveyance expressly subject to the assessment in question. (*Silverman* v. *Loomis,* 104 Ill. 137; Rawle on Cov. [5th ed.] 115; *Proctor* v. *Thrall,* 22 Vt. 262; *Keith* v. *Day,* 15 Vt. 660; *Ballard* v. *Walker,* 3 Johns. Cas. 60; *Dearborn* v. *Cross,* 7 Cow. 49; *U. S.* v. *Howell,* 4 Wash. 620; *Fleming* v. *Gilbert,* 3 Johns. 528; *Langworthy* v. *Smith,* 2 Wend. 587.) The covenant against incumbrances was a personal covenant, and did not run with the land, and cannot be enforced by the plaintiff. (*S. T. S. B. Co.* v. *Jencks,* 19 App. Div. 314; *Mygatt* v. *Coe,* 124 N. Y. 212; 147 N. Y. 456; *McGuckin* v. *Milbank,* 152 N. Y. 302; *Fuller* v. *Jewett,* 2 Fed. Rep. 30.)

O'BRIEN, J. The plaintiff is the remote grantee of lands which the defendants' testator owned on the 29th day of January, 1892, and on that day conveyed to one Knabe by deed with full covenants. At the time of this conveyance the lands were incumbered by a local assessment amounting to $224.41, with interest. On the 12th day of March, 1892, Knabe conveyed the lands to one Breirly, expressly subject to the assessment, and on the 2d day of October, 1893, the

latter conveyed to the plaintiff with a covenant against incumbrances. On the 23d day of October, 1896, the plaintiff was obliged to and did pay the assessment, amounting at that date to $341.31, in order to discharge the lien upon the land, and he now seeks to recover that sum with interest from the personal representatives of the original grantor from whom the title was derived.

The plaintiff cannot recover without establishing two propositions of law : (1) That the benefit of the covenant against incumbrances contained in the deed of the defendants' intestate to Knabe passed to the plaintiff through the intermediate conveyances. In other words, that it ran with the land. (2) That the continuity of the covenant was not interrupted or its benefits extinguished as to the plaintiff by the fact that his immediate grantor took the title expressly subject to the assessment or incumbrance which is the basis of the action.

The right of a remote grantee of real estate to recover damages for breach of the covenants in the deed has been exhaustively discussed in a recent case in this court, and the point in that case was settled only after four appeals and then by a bare majority of this court. But in that case the question that we are now concerned with was not involved, since the action was upon the covenant for quiet enjoyment and warranty made by a stranger to the title, and it was held that under the circumstances of the case the covenant of the stranger was personal and did not run with the land. The case turned upon the point that there was no such privity of estate or contract between the husband who had joined with the wife in the covenant and the plaintiff as would attach the covenant to the land and carry liability through the chain of title to a remote grantee. (*Mygatt* v. *Coe*, 152 N. Y. 457; 147 N. Y. 456; 142 N. Y. 78; 124 N. Y. 212.) That was a very different question from the one now before us, which is simply whether the covenant against incumbrances runs with the land so as to enable a remote grantee to recover upon it.

We can decide the case upon another question, comparatively insignificant, and leave the principal controversy open

for litigants to grope their way through conflicting decisions to some conclusion as to what the law is on the subject. But the right of a remote grantee to recover for breach of the covenant against incumbrances is a question arising almost every day, and a court of last resort should meet it when presented and settle the law one way or the other.

It was the general rule of the common law that all covenants for title ran with the land until breach. In this state it has been held that a breach of the covenants of seizin, of right to convey and against incumbrances occurred, if at all, upon delivery of the deed; while those for quiet enjoyment, warranty and for further assurance were not broken until an eviction, actual or constructive. (Rawle on Covenants [5th ed.], § 202 and note.) And it has been generally held that those of the former class do not run with the land, while the latter do. The foundation of this distinction is not clearly traceable among the early English decisions. The principal reason for it, however, seems to have been that at common law no privity of estate or tenure existed between a covenantor and a remote covenantee, and, therefore, when a breach of a covenant of title occurred, if it was not such a covenant as was affixed to the land and ran with it, it could not be taken advantage of by a remote covenantee or a stranger to the original covenant, since it was, as to him, a mere chose in action, and at common law choses in action were not assignable. But now choses in action are assignable, and the question is whether the ancient law concerning the covenant against incumbrances has survived the reasons upon which it was founded. The operation of the common-law rule upon the grantee seeking to enforce the covenant against incumbrances was always inconvenient, and the rule itself exceedingly illogical. While it was held that the breach occurred upon delivery of the deed, it was also held that the covenantee could not recover more than nominal damages until he had paid off the incumbrance, or had been actually or constructively evicted. (*Delavergne* v. *Norris,* 7 Johns. 358; *Hall* v. *Dean,* 13 Johns. 105; *Stanard* v. *Eldridge,* 16 Johns. 254;

*Grant* v. *Tallman*, 20 N. Y. 191; *McGuckin* v. *Milbank*, 152 N. Y. 297.) It was virtually held that when the incumbrance was a money charge which the grantee could remove there were two breaches of the covenant, one nominal, entitling the party to but nominal damages, and the other substantial, to be made good by the actual damages sustained and an action and recovery for the first breach was no bar to an action and recovery for the second. (*Eaton* v. *Lyman*, 30 Wis. 41 ; *S. C.*, 33 Wis. 34.)

This rule did not apply to permanent incumbrances which the covenantee could not remove, such as easements and the like, since he had the right in those cases to bring his action immediately on the breach and recover just compensation for the real injury. A learned writer- commenting on the condition of the law of covenants as it formerly existed stated the situation quite accurately in the following language : " It is evident from these cases that the current of American authority tends, with but little exception, towards the position that on total breach a covenant, though annexed to the realty, becomes a merely personal right, which remains with the covenantee or his executors, and does not descend with the land to heirs, nor run with it on any future assignment to third parties. The result of this doctrine, as generally applied in this country, is to deprive covenants which, like those for seizin or against incumbrances, if not good, are broken instantaneously, of all efficacy for the protection of the title, in the hands of an assignee, even when the loss resulting from the breach has fallen solely upon him. Thus the right of action on covenants, originally intended for the benefit of the inheritance in all subsequent hands, is denied under this course of decision, to the purchaser of the land, although the party really injured." (Smith's Leading Cases, vol. 1, p. 192, note by Hare & Wallace.) In England the law became so uncertain in this respect, as the result of conflicting decisions (*Kingdon* v. *Nottle*, 1 M. & S. 355; *S. C.*, 4 M. & S. 53 ; *Spoor* v. *Green*, L. R. [9 Ex.] 99), that the controversy was set at rest by the enactment of a statute which provided that the covenants should

run with the land unless otherwise restricted in the convey-
ance. (44 & 45 Vict. ch. 41, § 7.) The same result has been
accomplished in most of our sister states, either by judicial
decision or by statute, where the covenant against incum-
brances runs with the land.

In this state, since the enactment of the Code making
choses in action assignable, it has been held that the covenant
against incumbrances passes with the land through convey-
ances to a remote grantee. (*Coleman* v. *Bresnaham*, 54
Hun, 619; *Clarke* v. *Priest*, 21 App. Div. 174.) But it has
been held in the case at bar that it does not, and that propo-
sition is based upon the common-law rule and upon a former
decision of the same court. (*S. T. S. Building Company* v.
*Jencks*, 19 App. Div. 314.) With this conflict of views concern-
ing the nature and effect of the covenant against incumbrances,
and the remedy for a breach of it, this court should adopt the
rule best adapted to present conditions and which seems most
likely to conform to the intention of the parties and to
accomplish the purpose for which the covenant itself is made.
The covenant is for the protection of the title, and there is
no good reason why it should not be held to run with the
land, like the covenant of warranty or quiet enjoyment. The
principle which was at the foundation of the common-law
rule, that choses in action were not assignable, having become
obsolete, there is no reason that I can perceive why the rule
should survive the reason upon which it was founded.

We hold, therefore, that the covenant against incum-
brances attaches to and runs with the land and passes to a
remote grantee through the line of conveyances, whether
there is a nominal breach or not when the deed is delivered.

But in this particular case, there is a fatal obstacle to the
plaintiff's right to recover upon the covenant. The plaintiff's
immediate grantor, as we have seen, purchased expressly sub-
ject to the incumbrance, and while he owned the land he
could not take advantage of the original covenant made by
the defendants' testator. The effect of his purchase, subject
to the assessment, was to relieve the prior grantors from any

liability to him on the covenant. Presumptively he was allowed in the purchase to deduct the amount of the assessment from the purchase price and he was, therefore, furnished by his grantor with the money to pay the assessment, and when he took the land and was furnished with the money to pay the incumbrance the obligation of the covenant was discharged and extinguished. He could not call upon any prior covenantor to pay the assessment, when they had furnished him with the funds to pay it himself. ( *Vrooman* v. *Turner*, 69 N. Y. 280.)

It is true that he did not pay, but conveyed to the plaintiff with a covenant against incumbrances. But the plaintiff acquired only such rights as his immediate grantor could assert against prior grantors. The plaintiff's grantor did not transmit to him any cause of action against the defendants. The covenant in the plaintiff's deed is a new covenant, and not the assignment of an old one. On the new covenant the plaintiff's grantor is liable, but the liability extends only to him and cannot, through him, extend to prior parties. The plaintiff is under the same disability as his grantor, since he is in privity with him.

For these reasons the order should be affirmed and judgment absolute ordered for defendants on the stipulation, with costs.

Parker, Ch. J., Haight, Landon, Cullen and Werner, JJ., concur; Gray, J., concurs in result.

Ordered acordingly.